UNITED STATES, Appellee

v.

RAMON P. HAGEN, Private, U. S. Marine
Corps Reserve, Appellant

2 USCMA 324, 8 CMR 124

No. 1193

Decided March 20, 1953

Lт. Coʟ. Kenneth E. Murphy, USMCR, for Appellant.
Cᴅʀ. Robert F. Milota, USN, for Appellee.

PAUL W. BROSMAN, Judge:

A general court-martial has convicted the accused of desertion, a violation of the Uniform Code of Military Justice, Article 85, 50 U. S. C. § 679. Following approval and affirmance respectively of the findings and a portion of the sentence by intermediate reviewing authorities, The Judge Advocate General, United States Navy, has certified the following question to this Court for decision:

"Was Prosecution Exhibit 1 properly admitted in evidence by the law officer?"

## II

The exhibit in question consists of an extract from the service record of the accused showing the date ■■■■ ■ of the inception of his unauthorized absence. Defense counsel at the trial objected to its admission in evidence for the reason that it manifested on its face that it was not made until approximately 89 days after the accused had first absented himself, and some 27 days following the termination of this absence by apprehension. In previous opinions we have made clear that extract copies of morning report and service record entries are within the "official documents" exception to the hearsay rule, as elaborated in the Manual for Courts-Martial, United States, 1951, paragraph 144b. United States v. Masusock (No. 15), 1 CMR 32, decided November 9, 1951; United States v. Carter (No. 159), 2 CMR 14, decided January 18, 1952; United States v. Creamer (No. 179), 3 CMR 1, decided April 3, 1952; United States v. Castillo (No. 449), 3 CMR 86, decided May 2, 1952; United States v. Harris (No. 448), 4 CMR 22, decided June 11, 1952. The cited paragraph of the Manual provides that:

"*Official records.*—An official statement in writing, whether in a regular series of records or a report, made as a record of a certain fact or event is admissible as evidence of the fact or event if made by an officer or other person in the performance of an official duty, imposed upon him by law, regulation, or custom, to record such fact or event and to know, or to ascertain through appropriate and trustworthy channels of information, the truth of the matter recorded. . . ."

The single infirmity asserted to exist in the extract copy admitted in the instant case relates to the time of making the original entry—the contention being that it was not made within the period specified by applicable Marine Corps Regulations, and, not having been made as strictly required by these Regulations, it was not—we are told—admissible as an "official record." It certainly is true that—generally speaking—records, to be admissible in evidence, must have been made in accordance with related regulations. However, the roots of the rule—as we shall shortly observe—are concerned principally with the substance required by regulations, rather than with mere procedural requirements. The weakness of the defense argument then—as we see it—is that it places an unwarranted premium on time. It is apparent from the Manual language quoted above that the crux of the test for admissibility in evidence of a document as an "official record" is that it shall have been made by one whose duty it was (1) to make it, and (2) to know or ascertain, through appropriate and trustworthy channels of information, the truth of the matter recorded. It is not, however, an unyielding condition precedent that the record have been made *within a certain specified time.* We are sure that the establishment of such a qualification would gravely misconceive the *ratio* of the premise underlying the "official records" exception to the hearsay rule.

This is not to say at all, however, that the time when a morning report or service record entry is made is totally irrelevant—for, of course, numerous legal analogies, as well as the dictates of common sense, require that it be made within a reasonable time. In the very nature of the problem no more precise yardstick may be furnished. Suffice it to say that the time lag involved in the instant case did not exceed permissible limits. We should also observe that the

**325**

lapse of time between the happening of an event, and the execution of a record concerning it, may be considered as bearing in numerous ways on the credibility of the latter, or an extract copy thereof.

### III

In this connection we take note of paragraph 144d of the Manual, supra, which provides that:

"Neither the official record nor the business entry exception to the hearsay rule renders admissible in evidence writings or records made principally with a view to prosecution, or other disciplinary or legal action, as a record of, or during the course of an investigation into, alleged unlawful or improper conduct. . . ."

Although accused has not predicated any portion of his argument on that paragraph—since, of course, there is no suggestion that the report in question here was "made principally with a view to prosecution"—we advert to it in the interest of thoroughness, and would like, in addition, to point out that the same paragraph also states that:

". . . Official record entries in morning reports, logs, unit personnel diaries, and service records as to absence without leave, and in the above records and in guard reports as to escape from confinement, are not inadmissible because of this limitation [that mentioned in the preceding quotation], for such entries are made in a routine manner principally for the purpose of reflecting day to day events which affect the strength in personnel of the reporting organization or which indicate the military proficiency of the individual reported upon. . . ." [Emphasis supplied]

### IV

Appellant has argued, however, that the law officer erred to his prejudice in denying admission in evidence to Defense Exhibit A, a letter from the Commanding General, Training and Replacement Command, Camp Joseph H. Pendleton, California, addressed to the Commanding Officer, Casual Battalion, Training and Replacement Command, expressing doubt concerning the admissibility in evidence of Prosecution Exhibit 1. A consideration of this assignment of error is necessary neither to a solution of the problem raised by The Judge Advocate General's certificate, nor to a proper disposition of the instant case. However, the short answer is that the author of the document was hardly a recognized legal authority whom the law officer was bound to recognize, and whose views he was required to accept. Moreover, we cannot descry any proper purpose which could have been served through consideration by members of the court of the offered Exhibit, which, at most, expressed an opinion on the legal admissibility of an item of evidence. Consequently we find no error here.

For the reasons stated, the certified question is answered in the affirmative.

Chief Judge QUINN and Judge LATIMER concur.