UNITED STATES, Appellant

v.

GERALD J. BARRETT, Seaman, U. S. Navy, Appellee

3 USCMA 294, 12 CMR 50

No 2574

Decided September 4, 1953

CDR Thomas E. Blade, USN, for Appellant.
CDR Howard A. Patrick, USN, and CDR Raymond van Wolkenten, USN, for Appellee.

## Opinion of the Court

ROBERT E. QUINN Chief Judge:

The accused, Barrett, enlisted in the Navy on July 21, 1948, for a period of three years. This enlistment was involuntarily extended for one year, expiring on July 20, 1952. However, on June 23, 1952, he absented himself without leave from the Naval Receiving Station, Norfolk, Virginia, and remained absent until October 1, 1952, when he was returned to Naval authorities in Hartford, Connecticut, following his apprehension by civilian authorities. Thereafter, he was confined at the Receiving Station in Boston, Massachusetts. At the latter station he was convicted by general court-martial of attempted escape from confinement allegedly committed in Boston, desertion, and breach of arrest, in violation of Articles 80, 85, and 95, respectively, of the Uniform Code of Military Justice, 50 USC §§ 674, 679, and 689. He was sentenced to dishonorable discharge, total forfeitures, confinement at hard labor for two years and reduction to the grade of seaman recruit. The conven-

ing authority modified the findings of the court-martial as to the charge of desertion by reducing the period of the absence involved to the period between the date alleged as its commencement and the date of the expiration of his extended enlistment. The remainder of the findings were approved and the dishonorable discharge was mitigated to a bad-conduct discharge without disturbing the balance of the sentence. The board of review, holding that the competent evidence was sufficient to establish only an absence without leave for the period approved by the convening authority, and insufficient to establish the other charges, affirmed only so much of the finding of guilty of desertion as included a finding of absence without leave in violation of Article 86 of the Code, *supra,* 50 USC § 680. With evidence of five previous convictions before it, the board affirmed the sentence of bad-conduct discharge, total forfeitures, confinement at hard labor for three months and reduction in grade.

By certificate filed in accordance with Article 67(b)(2) of the Code, *supra,* 50 USC §·654, The Judge Advocate General of the Navy challenges the validity of the board's action in so far as it affects the charges of desertion and breach of arrest only.

The court-martial had before it evidence of an unauthorized absence having its inception in a breach of arrest, extending over a period of three months, and terminating with the accused's apprehension at a point far removed from his proper station. If this evidence was competent, it certainly was sufficient basis for an inference that the accused intended to remain absent permanently. The action of the convening authority and the decision of the board of review, however, have modified these facts by removing the circumstances of the inception and termination of the absence, and all but twenty-seven days of the absence itself from the permissible area of consideration. These modifications were accomplished not by the exercise of their fact-finding powers, but rather by their interpretation of the law applicable to the facts presented to them. Our resolution of the problems presented by the certified questions, therefore, depends upon the validity of the concepts upon which the modifications were based.

Since the absence began with a breach of arrest, we shall consider the certified questions in the inverse order of their presentation. Hence, ▉▉▉▉▉▉ ▉ we proceed to consider the question relating to the action of the board of review with reference to the offense of breaking arrest. That question is as follows:

"Whether, as a matter of law, the evidence was insufficient to support the finding of guilty of a violation of Article 95, Uniform Code of Military Justice, made by the general court-martial and approved by the convening authority?"

At the trial the only evidence bearing on this offense was an entry in the accused's service record, received over the objection of the defense. This entry recited the following information:

**296**

"*8 August 1952:* BARRETT Gerald John 2117626 SN USN, having by lawful order of the Commanding Officer, U. S. Naval Receiving Station, Naval Base, Norfolk, Virginia, been placed in an arrest status at 0935, 21 June 1952, and restricted to the limits of said receiving station, did on 23 June 1952, at about 2000, break his arrest by leaving the limits of the aforesaid receiving station, and is absent without leave from this station since 2000, 23 June 1952. Intentions unknown."

While the board of review expressed some doubt about the validity of an entry made some forty-six days after the occurrence of the events recorded, nevertheless, passing over this question entirely, it declared "we do not believe a service record entry is sufficient proof of the imposition and breaking of arrest." Accordingly, the board limited the scope of the entry to its recitation of the commencement of the unauthorized absence. By virtue of paragraph 144b, Manual for Courts-Martial, United States, 1951, official records are admissible as evidence of a fact or event reported therein if made by a person in the performance of an official duty imposed upon him by law, regulation, or custom, to record a particular fact or event and to know or to ascertain through appropriate and trustworthy channels of information, the truth of the matter recorded. In this instance the duty to record not simply the fact of the unauthorized absence, but also any other known facts from which intent to desert might be deduced, was imposed upon the personnel officer who prepared the entry in question by Part C, paragraph 7803(2), Bureau of Naval Personnel Manual. Certainly the breach of arrest was a circumstance bearing upon the accused's intent to desert. The entry was admissible, therefore, not solely to establish the commencement of the unauthorized absence, but also to establish the essential elements of a breach of arrest, as defined by paragraph 174c, Manual for Courts-Martial, *supra.* United States v. Lowery, 2 USCMA 315, 8 CMR 115, decided March 13, 1953. While the lapse

of time between the occurrence of the events recorded may have some bearing upon the weight to be accorded the entry, this factor does not affect its admissibility where, as here, permissible time limits were not exceeded. United States v. Hagen, 2 USCMA 324, 8 CMR 124, decided March 20, 1953. It follows from this that there was sufficient evidence to support the finding as to this offense.

The remaining question certified is as follows:

"Whether, as a matter of law, the evidence was insufficient to support the finding of guilty of a violation of article 85, Uniform Code of Military Justice, made by the general court-martial and approved by the convening authority?"

As noted above, the convening authority, while approving the finding of desertion, reduced the period of unauthorized absence. This action was predicated upon naval precedents, and was adopted in its entirety by the board of review. In United States v. Klunk, 3 USCMA 92, 11 CMR 92, decided July 17, 1953, we had occasion to review the precedents relied upon by the intermediate appellate agencies in that case, and rejected them. We decided there that a member of the armed services generally remains subject to military law until his discharge is effected in a prescribed manner. We further held that one may lawfully be punished for the entire period of an unauthorized absence commencing prior to the date his enlistment normally would expire and terminating subsequent thereto. It follows from this, that the convening authority's reduction of the period of absence upon which the desertion was based was improper. The board not only misconceived the law, but compounded that error by excluding the fact of apprehension from its consideration because it occurred outside the period of absence. That basis is erroneous, not only as a general proposition, but especially under these circumstances. Certainly an intent existing at a particular time can be inferred from other acts transpiring either before or after. The Manual provides in paragraph 164a, for example, that the intent to desert may be inferred from the fact that just previous to absenting himself he stole money, civilian clothes, or other property that would assist him in getting away. Necessarily these actions are contemplated as occurring prior to the period of absence. Moreover, should an accused following the termination of his absence confess an intent to desert, his confession would not be declared inadmissible because it was made subsequent to the period of absence. But in this case, as a matter of law, the unauthorized absence continued until his apprehension. The action of the convening authority left intact the finding of termination by apprehension. It was, therefore, properly before the board and its rejection by that agency was improper.

The board had before it, a finding of guilty of desertion predicated upon an unauthorized absence, ensuing upon a breach of arrest, continuing for twenty-seven days, and terminating by apprehension at a point remote from his place of duty. In our opinion, the evidence was legally sufficient to sustain this finding. While it would have been within the power of the board, as a fact-finding agency, to reach a different conclusion respecting the intent of the accused, it did not do so. Rather by improperly eliminating each basis for an inference of intent to remain absent permanently, it concluded that the sole remaining evidence, namely, absence without leave of twenty-seven days, was legally insufficient to support the findings of the court-martial.

Each question certified is answered in the negative. The decision of the board of review relating to the findings on the charges of desertion, Charge II, and breach of arrest, Charge III, only, are reversed. The case is remanded to The Judge Advocate General of the Navy for further action consistent with this opinion.

Judges LATIMER and BROSMAN concur.