UNITED STATES, Appellee

v.

BRADFORD LEVI LOWERY, Private First Class, U. S. Marine Corps, Appellant

2 USCMA 315, 8 CMR 115

## No. 683

### Decided March 13, 1953

CDR. John T. Davies, USN, for Appellant.

CDR. Thomas E. Blade, USN, and CDR. Malcom J. Bradbury, USN, for Appellee.

### Opinion of the Court

PAUL W. BROSMAN, Judge:

The accused in this case was convicted by general court-martial of breaking arrest and desertion, violations, respectively, of Articles 95 and 85, Uniform Code of Military Justice, 50 USC §§ 689 and 679. Approval of the findings by the convening authority and affirmance by a board of review left three issues which this Court has undertaken to consider at the behest of the appellant in his petition for review. For reasons hereafter noted, the board reduced the period of confinement.

### II

We need not review the evidence bearing on desertion extensively. However, an important point to note ▆▆▆▆▆ ▆ in this connection is that at the trial the accused introduced, with the express approval and consent of trial counsel, five affidavits, one each from his mother, his sweetheart, his pastor, his brother-in-law, and his step-brother. All of these deponents stated that accused had told them that he fully intended to return to the Marine Corps. Two asserted that he had expressed a genuine liking for the Corps, and three attested to his good reputation in his community. These evidentiary items, of course, tended directly to establish that accused had not intended to desert the service, although certainly they were not conclusive on that issue. Despite rather damaging circumstantial evidence that accused had intended to desert, the fact remains that there was evidence adduced fairly raising an alternative to the offense charged—that of absence without leave. The law officer did not instruct the members of the court on the elements of this lesser included offense. This failure was, of course, error, and presented a fair risk of material prejudice to the substantial rights of the accused, for the reason that it is impossible to evaluate the effect of omission of instructions as to the proper lesser included offense. United States v. Ollie C. Williams (No. 251), 2 CMR 137, decided March 14, 1952; United States v. Sheehan (No. 776), 4 CMR 124, decided August 6, 1952; United States v. Avery (No. 809), 4 CMR 125,

decided August 6, 1952; United States v. Lookinghorse (No. 1124), 5 CMR 88, decided August 29, 1952.

Failure of defense counsel at the trial to request instructions on the elements of absence without leave ▬▬▬ ▬ did not constitute a waiver thereof, for it was the independent duty of the law officer to give such instructions—one imposed on him by Article 51 (c) of the Code, 50 USC § 626, and paragraph 73 of the Manual for Courts-Martial, United States, 1951. "It is a well-settled rule of law that the absence of an objection at trial to the failure to instruct does not bar consideration of the error on appeal." United States v. Cromartie (No. 374), 4 CMR 143, decided August 6, 1952. Moreover, we cannot, as suggested, presume that the officers who comprised the court, *qua* officers of the military service, were aware that absence without leave is a lesser included offense to the crime of desertion. Perhaps they did know of this rule of law—but there is no showing whatever in this record that such was the case. This ascribed knowledge on the part of the members of the court cannot vitiate the error in the law officer's instructions. United States v. Soukup (No. 533), 7 CMR 17, decided January 23, 1953.

### III

At an early stage of the proceeding, trial counsel was sworn as a witness for the purpose of introducing documentary evidence in support of the charges. He thereafter testified that he was "the official custodian of the service record book of the accused." Subsequently, after the court had returned its findings of guilty, and before it had retired to deliberate on the sentence, the law officer announced that the court would receive evidence of prior convictions. Trial counsel thereupon stated that he had evidence of two previous convictions, and subsequently read from documents held in his hand the "evidence" of two such convictions. Defense counsel was asked whether he wished to object—to which he replied in the negative. Trial counsel at no time

offered in evidence the material from which he had read, although a copy of each "Summary Court Memorandum" used by him at the trial is found appended to the record of trial and designated, respectively, "Exhibit (7)" and "Exhibit (8)." The Board of Review held that this manner of proof of the previous convictions was erroneous—and, of course, prejudicial. It sought to purge the error by reduction of the period of confinement adjudged from three to two years.

We have reviewed the problem of proof of previous convictions in a number of cases, principally in United States v. Carter (No. 159), 2 CMR 14, decided January 18, 1952; United States v. Zimmerman (No. 261), 2 CMR 66, decided February 7, 1952; United States v. West (No. 613), 5 CMR 18, decided August 14, 1952; United States v. Walker (No. 523), 5 CMR 8, decided August 13, 1952; and United States v. Castillo (No. 449), 3 CMR 86, decided May 2, 1952. There are facets of this case which raise the problem in a manner akin to that found in both the Zimmerman and West cases. Here, as in West but unlike Zimmerman, labeled documents are attached to the record, and here, like Zimmerman but unlike West, we have in the record a verbatim account of trial counsel's recital of the previous convictions. However, there is an important distinction between the situation as presented here and that disclosed in both Zimmerman and West. In the present case trial counsel had previously been sworn as a witness, and had at that time testified explicitly that he was the custodian of the service record of accused. He had not been relieved of his oath when he read the record of previous convictions. Consequently, although the fact appears not to have been noted then or later, he was at the time actually testifying under oath. As custodian of accused's record he was particularly well qualified to testify as to its contents.

Of course, the documents from which the trial counsel read were the best evidence of their own contents. However, they were not the only means by which their content might be shown. "Secondary" evidence thereof was admis-

sible in the absence of defense objection, and failure to object constituted a waiver. Manual, supra, paragraph 143a. After his reading of the record of previous convictions, trial counsel asked defense if there was objection to "the two previous convictions as read." Counsel for accused responded in the negative.

Taking the distinctive elements of this case into account, we are sure that a result different from that reached in Carter, Zimmerman, and West is required. Trial counsel here was sworn as a witness. He was custodian of accused's service record. He stated, as to each previous conviction, that he was reading from a "Summary Court Memorandum." Defense counsel's explicit refusal to register objection to this proof through "secondary" evidence waived the accused's right to complain thereafter. Attachment to the record of a copy of each "Summary Court Memorandum" is of no particular significance, for, the previous convictions having been established by competent "secondary" evidence, there was—as we see it—no obligation to introduce those documents into evidence.

This is not to say that we place our stamp of approval on the procedure followed in this case. Better practice would require in all cases that prior convictions be established by introduction in evidence of competent documentary proof. However, the *minimal*—not necessarily the *best*—standards are those which we must, as a practical matter, exact. The procedure followed here complied with minimal standards of proof. We, therefore, decline to accept the Government's confession of error in this matter, and reverse the Board of Review's conclusion that error was committed. Both the Board of Review and appellate Government counsel appear to have overlooked the fact that trial counsel had been sworn as a witness, and had not been relieved of his oath when he recited the documentary proof of prior convictions.

## IV

The final argument of defense is that there is insufficient evidence to support the conviction of breaking arrest. More particularly, the ■■■■■■ contention is that the evidence fails to establish with the requisite degree of certainty that accused was in a status of arrest when he absented himself without leave. The proof of his status at that time consisted of the following duly authenticated extract copy from the service record of accused:

". . . . At the time of his unauth abs on 16 Jun 51 he was a PAL Awaiting action of CA on SCM. . . . .

"/s/ L. L. Scott
L. L. SCOTT, CAPTAIN, USCMR
Comdg."

This portion of accused's record was, of course, admissible under the "Official records" exception to the hearsay rule. Manual, supra, paragraph 144b. It was competent to prove not only the inception of accused's absence, but also to show his status at that time, for the reason that it was the duty of the reporting officer to know and to record that status as well as other pertinent circumstances surrounding the absence. Marine Corps Manual § 15052; cf. Manual, supra, paragraph 164a. The status of accused when he absented himself, as revealed by the service record entry quoted above, was that of prisoner-at-large awaiting action of the convening authority on a summary court-martial trial. Defense argues that such a prisoner-at-large is not under arrest. The foundation for this argument is predicated on Navy Department Bulletin 51–621 relating to performance by prisoners-at-large of full military duties. Although in our opinion that Bulletin would not require a different result, if applicable, it is only necessary to this case that we point out its inapplicability. By its own terms, it applies only to an accused person who is at large *pending trial*. Accused here was awaiting convening authority action on a conviction by summary court-martial in a trial already held. Manifestly, this accused was under arrest when he left his station without authority. NCM 41, Dinkins, 1 CMR 525, 527. The situation here is clearly distin-

**319**

guishable from that in NCM 123, Wright, 3 CMR 472.

In accordance with the foregoing, the conviction of desertion is reversed; the ruling of the Board of Review that previous convictions were improperly proved is reversed; and the conviction of breaking arrest is affirmed. The record is remanded to The Judge Advocate General, United States Navy, for appropriate action not inconsistent with the views expressed herein.

Chief Judge Quinn concurs.

LATIMER, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I concur in the results and with the reasons given in the opinion of the Court except I dissent from the ▮ holding that the Board of Review erred in concluding that the previous convictions could not be considered in assessing punishment. The Board of Review relying on our holding in United States v. Carter (No. 159), 2 CMR 14, decided January 18, 1952, held that the unsworn statements of trial counsel concerning two previous convictions could not be used as evidence and to overcome the effect of their improper consideration the period of confinement was reduced from three years to two years.

The Court holds this ruling to be erroneous and in doing so draws a fine line of distinction between this case and United States v. Carter, supra. For the reasons hereinafter given, I conclude the distinction to be more imaginary rather than real. The record indicates that during the early stages of the hearing trial counsel had himself sworn for the purpose of identifying an entry in accused's service record. This phase of the case was ended when the witness finished his identification and the law officer directed him to resume his duties as trial counsel. The trial then continued, the taking of testimony was concluded, the trial was completed and the accused was found guilty. After the findings were announced, the law officer stated that the court would hear the personal data and trial counsel read the first page of the charge sheet. After this was finished, trial counsel stated he had evidence of two previous convictions and he proceeded to relate the details in precisely the same manner as did trial counsel in United States v. Carter, supra. Therefore, if there is a valid ground to differentiate the two cases, it could only be that in this instance trial counsel was at one time sworn as a witness. I would hold this distinction to be unimportant. The mere fact that at some previous time he had been called to testify for a limited and particular purpose, did not prevent him from returning to the status of an advocate. There certainly was a change of status after he left the witness stand, as he was not testifying, he was examining witnesses, making arguments and conducting the prosecution. At the time he made the statement concerning previous convictions nothing had been done to clothe him again in the robes of a sworn witness. He did not announce he was taking the witness stand, his attention was not called to the fact that he was under oath, he was not sworn again, and no steps were taken which would qualify his statements as testimony. Once a witness, always a witness, does not follow. I am certain no one in the court, including himself, would have concluded that he was a witness, testifying to the contents of an official document. Moreover, he did not identify any documents as being part of any official record. The summary court memoranda found in the record are part of the pretrial investigation, they are unsigned and unauthenticated, and there is no showing as to the source from which the information was obtained.

There being no valid distinction between this case and the Carter case, supra, and not being disposed to overrule that holding, I would affirm the Navy Board of Review.