UNITED STATES, Appellee

v

LOUIS W. WIEDEMANN, Private First Class, U. S. Army, Appellant

16 USCMA 365, 36 CMR 521

No. 19,326

August 26, 1966

*Captain Robert R. Broxton* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel Martin S. Drucker*.

*First Lieutenant Maurice Jay Kutner* argued the cause for Appellee, United States. With him on the brief were *Colonel Joseph J. Crimmins* and *Lieutenant Colonel Francis M. Cooper*.

## Opinion of the Court

KILDAY, Judge:

The question raised by this appeal is new in form only—the basic element having been considered and decided on several previous occasions. Essentially, we are being asked to decide whether it was reversible error for the law officer to fail to submit for the court's consideration of a charge of desertion, the lesser included offense of absence without leave upon full and proper instructions.

In the early case of United States v Lowery, 2 USCMA 315, 8 CMR 115, we unanimously held that where the offense of absence without leave is fairly raised by the evidence as an alternative to a charge of desertion, the failure of the law officer to instruct as to the elements thereof is error; an error which "presented a fair risk of material prejudice to the substantial rights of the accused, for the reason that it is impossible to evaluate the effect of omission of instructions as to the proper lesser included offense." (*Id.*, at page 317.)

In addition, we stated, at page 318, that:

"Failure of defense counsel at the trial to request instructions on the elements of absence without leave did not constitute a waiver thereof, for it was the independent duty of the law officer to give such instructions— one imposed on him by Article 51(c) of the Code, 50 USC § 626, and paragraph 73 of the Manual for Courts-Martial, United States, 1951. 'It is a well-settled rule of law that the absence of an objection at trial to the failure to instruct does not bar consideration of the error on appeal.' United States v Cromartie (No. 374), 4 CMR 143, decided August 6, 1952."

See also United States v Swain, 8 USCMA 387, 24 CMR 197; United States v Rodgers, 8 USCMA 664, 25 CMR 168.

In the case at bar, the accused absented himself from his unit at Fort Campbell, Kentucky, on March 2, 1963. He returned to military control on September 3, 1965, and was charged with desertion on the 22d day of the same month. It is from his conviction for that offense that he now appeals.

In his instructions the law officer correctly delineated the elements of the offense of desertion, appropriately stressing the fact the court members must find beyond a reasonable doubt that the accused, sometime during his unauthorized absence, intended to remain away permanently. With respect to the lesser included offense of absence without leave, however, he contented himself with the following brief comment:

". . . Of course, any member of the court who has a reasonable doubt that the accused was a deserter, but is convinced beyond a reasonable doubt that he was guilty of absence without leave, could vote him guilty of that offense."

The Government contends that the instructions in this case, when considered as a whole, including those on presumption of innocence, reasonable doubt, burden of proof, and circumstantial evidence, adequately informed the court it could return a finding of the lesser included offense if it found that the accused did not have the requisite intent for desertion. With this we cannot agree. While there are instances where the doctrine of the instructions as a whole might be applicable, we have consistently held that when a lesser offense is raised by the evidence, it is error to fail to instruct fully and completely. United States v Clark, 1 USCMA 201, 2 CMR 107;

United States v Richardson, 2 USCMA 88, 6 CMR 88; United States v Howard, 2 USCMA 519, 10 CMR 17. See also United States v Thompson, 11 USCMA 5, 28 CMR 229; United States v Kuefler, 14 USCMA 136, 33 CMR 348; United States v Patterson, 14 USCMA 441, 34 CMR 221. Cf. United States v Morgan, 8 USCMA 659, 25 CMR 163, on uninstructed findings. As a matter of fact, the law officer, shortly after his statement to the court with reference to a possible finding of absent without leave, when instructing on voting procedures, specifically told the court that:

"If, after your deliberation and discussion, you take a ballot and at least six members of this court *do not vote the accused guilty of the offense of desertion, the result of that ballot is an acquittal.* You do not vote upon the question of not guilty as such." [Emphasis supplied.]

Since he did not follow this up with an instruction as to the possibility of a finding of the lesser offense by modification of the charge and specification, this portion of the instructions seriously dissipates the view that a finding of absent without leave was possible. A more likely view is, as contended by appellate defense counsel, that the law officer thereby affirmatively indicated an acquittal would be the only other result if the court members did not find the accused guilty of the offense of desertion.

While the Government does not contest the question as to whether the lesser offense was raised by the evidence, we deem it advisable to recount the evidence on this issue. The prosecution's case consisted solely of two morning reports reflecting (1) his failure to join his assigned unit at Fort Campbell, Kentucky, upon return from overseas duty, and (2) his apprehension by military police at his residence in Kingston, New York, and a stipulation reflecting, in addition to personal data and length of military service, that Kingston, New York, is thirty-five miles from West Point. By way of rebuttal, the defense, by stipulations, recorded the fact that at the time of apprehension the accused was in possession of his military ID card,

and that his record for efficiency for the period January 1955 to February 1963 was consistently excellent and the same for conduct, with the exception of the last two which were good and fair, respectively. Defense counsel also introduced as an exhibit a copy of a special order which named the accused as the recipient of the Good Conduct Medal.

While length of absence is a factor to be considered with all of the other evidence in the determination of intent to desert, it is not a substitute therefor (United States v Cothern, 8 USCMA 158, 23 CMR 382); nor is the termination of the absence by apprehension (United States v Williams, 9 USCMA 3, 23 CMR 265; United States v Swain and United States v Rodgers, both supra). The fact that he was apprehended at his listed residence, the town in which he was born and reared, and that he was then in possession of his military identification, augur favorably toward the opposite conclusion. When added to his record of prior honorable service, including combat in Korea, we are of the view that the lesser offense of absence without leave was reasonably raised by the evidence.

Under our prior decisions, the need for a *sua sponte* instruction by the law officer is apparent. However, an additional factor is present which has not heretofore been directly before us, at least not in the same context, and which requires our consideration; that is the question of the statute of limitations.

The situation in the case at bar comes within the following portion of Article 43, Uniform Code of Military Justice, 10 USC § 843:

"(c) Except as otherwise provided in this article, a person charged with any offense is not liable to be tried by court-martial or punished under section 815 of this title (article 15) if the offense was committed more than two years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command or before the imposition of punish-

ment under section 815 of this title (article 15)."

This is supplemented by paragraph 74*h* of the Manual for Courts-Martial, United States, 1951:

"**Statute of limitations.**—If by exceptions and substitutions an accused is found guilty of a lesser included offense to which he has not entered a plea, and against which it appears that the statute of limitations (Art. 43) has run, the law officer (president of a special court-martial) will, as soon as such a finding is announced, advise him in open court of his right to avail himself of the statute in bar of punishment. If an accused interposes the statute in bar of punishment, the issue will be determined in substantially the same manner as a motion to dismiss on the grounds of the statute of limitations (68*c*)."

Since charges against the accused were not filed until more than two and one-half years after the inception of the absence, the statute had obviously run on the offense of absence without leave.[1] The law officer was aware of this fact for at one point, in an out-of-court hearing, he cautioned trial counsel against any reference thereto, stating that it would be necessary for him to declare a mistrial in such an event. It is not unlikely that for this very reason he did not instruct the court on the elements of absence without leave or inform it that it might make a finding as to this offense by amending the charge and specification. Whatever his reason, it is our obligation to determine the correctness of his action under these circumstances. Plainly stated, the issue is whether the rule as to instructions on lesser included offenses is obviated when prosecution therefor is barred by the statute of limitations.

The Government calls our attention to the decision in Chaifetz v United States, 288 F2d 133 (CA DC Cir) (1960), wherein that court stated:

"The rule is well established that, when an accused is on trial for a felony (not barred by limitations), he cannot be convicted of a lesser included offense if the latter offense is barred." (*Id.*, at page 135.)

In *Chaifetz*, the trial judge denied a defense request the jury be instructed that if it found he was not guilty of the felony (willfully attempting to evade Federal income taxes for the year 1953) but was guilty of the misdemeanor of failing to supply required information, it should find him guilty of the lesser offense.

The Court of Appeals, in considering the defense claim of error on this issue, noted that the applicable statute of limitations for the lesser offense was three years. Since the indictment was returned more than three years after the charged offense allegedly occurred, the court held that Chaifetz could not then be prosecuted, tried, or punished for the lesser offense. It stated, "We are of clear opinion that the trial judge was correct and that he should not have instructed as Chaifetz requested him to do."

In adverting to Rule 31(c) of the Federal Rules of Criminal Procedure,[2] the court stated at page 136:

"As we have noted, Rule 31(c) of the Rules of Criminal Procedure provides that an accused is entitled to instructions on 'necessary included' offenses. But that rule is not to be read as conferring a blanket right without qualification. Quite clearly it refers to offenses for which convictions might be had upon the proof adduced. Otherwise it would run counter to all accepted rules as to what a trial judge should or can charge a jury concerning permissible verdicts."

In reaching this conclusion, the court

---

[1] The statute of limitations for peacetime *desertion* is three years. Article 43(b) of the Uniform Code of Military Justice, 10 USC § 843.

[2] "The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense." Cf. Article 79 of the Uniform Code of Military Justice, 10 USC § 879.

noted that in Texas[3] and Florida[4] it was held correct for the trial judge to instruct explicitly that the jury could not return verdicts of guilty to lesser offenses, ordinarily included, if convictions for those offenses were barred by limitations; while in Utah[5] it was held to be error for the trial court even to mention to the jury lesser included offenses barred by limitations. See, also, the Annotation to State v King, 140 W Va 362, 84 SE2d 313 (1954), in 47 ALR2d 887.

The cases cited, and the court's rationale as to the meaning of Rule 31 (c), are quite persuasive, but our decisions and the military rule are to the contrary.

In United States v Swain, supra, the accused was charged with and convicted of desertion. The prosecution evidence showed an absence without leave having its inception in France in 1944 and terminated twelve years later by apprehension by the French police. The accused testified in his own behalf and stated that he never intended to desert. There was also additional evidence in the record to support his assertion. In his instructions the law officer stated, "The court is advised that the evidence places before the court only the issue of guilt or innocence of the principal offense charged. Therefore, no instruction will be given as to lesser included offenses." We held this instruction to be error since it effectively precluded the court from finding the lesser included offense of absence without leave.[6] It is interesting to note that Government counsel, in their brief, informed the Court that upon rehearing Swain was found guilty

of the offense of unauthorized absence and when the law officer advised him of his right to interpose the statute of limitations in bar of punishment, counsel so moved and the motion was granted.

The Government contends the issue was not raised in *Swain* and went unnoticed by the members of the court; that the parties proceeded upon the theory the lesser offense was not barred by the statute and this Court made its decision accordingly.

Suffice to say we were not then totally unaware of this factor. Our attention was called to the statute of limitations in a strikingly similar case decided just nine months prior to *Swain*. In United States v Busbin, 7 USCMA 661, 23 CMR 125, the accused was charged with desertion and found guilty of the lesser offense of absence without leave. Since charges were not filed until more than two years after the inception of the absence, we unanimously held that his conviction was barred by the statute of limitations and ordered the charges dismissed.[7]

See also United States v Shell, 7 USCMA 646, 23 CMR 110; cf. United States v French, 9 USCMA 57, 25 CMR 319.

In *French*, supra, the accused was charged with desertion commencing on August 17, 1953, and terminating by apprehension on July 15, 1957. He pleaded not guilty to desertion but guilty of the lesser included offense of absence without leave for that period of time. He was tried and convicted of desertion on charges forwarded to the officer exercising summary court-martial jurisdiction on July 30, 1957. The

[3] McKinney v State, 96 Texas Crim 342, 257 SW 258 (1923).

[4] Blackmon v State, 88 Fla 188, 101 So 319 (1924).

[5] State v Crank, 105 Utah 332, 142 P2d 178, 170 ALR 542 (1943).

[6] Swain was tried under Article of War 58, 10 USC (1946 ed) § 1530, for wartime desertion for which there was no statute of limitations. However, at that time there existed a limitation of two years on absence without leave whether committed during a time of war or peace. Cf. Article 43 (a) of the Code, supra.

[7] At Busbin's trial the law officer believed that his absence occurred during wartime (Korean) and that under Article 43 (a) of the Code there was no limitation on the time of trial. Inasmuch as in United States v Shell, 7 USCMA 646, 23 CMR 110, we held that, for the purposes of military law, the state of war terminated on July 27, 1953, and since Busbin's absence began on December 31, 1953, we viewed his absence as having taken place in time of peace.

board of review set aside the findings and sentence on the ground that trial was barred by the statute of limitations and that there was no evidence in the record that the accused waived his right to assert the statute. The correctness of the board's action was certified to this Court by the Judge Advocate General of the Army and, on the basis of our decision in United States v Rodgers, supra, we affirmed the board's action.

One may waive his right to be tried for an offense outlawed by the statute, but the waiver must be ▮ consciously and knowingly made. United States v Troxell, 12 USCMA 6, 30 CMR 6.

In military law, if it appears from the charges that the statute of limitations has run against an offense, the law officer must bring the matter to the attention of the accused and advise him of his right to assert the statute unless it otherwise affirmatively appears the accused is aware of his rights in the premises. Similarly, if the accused pleads guilty to a lesser included offense against which the statute has apparently run, the law officer will advise him of his right to interpose the statute in bar of trial and punishment as to that offense. Paragraph 68c of the Manual, supra. If he has pleaded not guilty to the lesser offense, *but is found guilty thereof by exceptions and substitutions,* he is to be informed of his right to avail himself of the statute. Paragraph 74h of the Manual, supra. These rules of procedure, promulgated by the President under the authority of Article 36 of the Code, supra, have the force of law. United States v Smith, 13 USCMA 105, 32 CMR 105.

If the rationale of the court in *Chaifetz* with reference to the import of Rule 31(c) is to be accorded validity in the military, then the provisions of paragraph 74h of the Manual are meaningless, for if the term "necessary included" offenses does not encompass all such offenses, whether barred by the statute of limitations or not, there would be no requirement for the procedure delineated in paragraph 74h of the Manual. It is patently obvious, therefore, that this paragraph of the Manual envisions just such a finding and directs the procedure to be followed in the premises.

The only question for resolution by the members of the court, in the case at bar, was the intent of ▮ the accused in remaining away, for the evidence of his unauthorized absence was unrebutted. He was charged with intending to remain away permanently and the evidence raised the issue of lack of such intent. Article 51(c) of the Code, supra, in pertinent part, directs the law officer to instruct the court:

"(3) that, if there is a reasonable doubt as to the degree of guilt, the finding must be in a lower degree as to which there is no reasonable doubt. . . ."

See also paragraph 73b of the Manual, supra. Nowhere in the Code or the Manual is this mandatory provision circumscribed or found not necessary due to the fact that a finding of guilt in the lower degree is barred by the statute of limitations; rather, paragraph 74h is to the contrary.

The military is not without recourse in such a situation for the timely filing of charges will toll the statute when deemed necessary. United States v Arbic, 16 USCMA 292, 36 CMR 448.

Accordingly, we hold that the law officer erred in failing to submit for the court's consideration the lesser included offense of absence without leave.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

All related instructions must be read as a whole, not as "isolated verbal phenomena." Charles A. Wright, Inc. v F. D. Rich Co., 354 F2d 710, 714 (CA 1st Cir) (1966). A part of an instruction, which by itself may be ambiguous, can attain clarity and explicitness when considered with a related instruction. United States v Armistead, 16 USCMA

217, 36 CMR 373; United States v Jackson, 15 USCMA 603, 36 CMR 101. The pertinent instructions here are as follows:

"The offense of desertion, as I am certain you as experienced officers of the Army all know, consists basically of a period of absence without leave together with a certain intent or state of mind. Now, in this particular case, you may not find the accused guilty unless you are convinced beyond a reasonable doubt that on or about 2 March 1963, at Fort Campbell, Kentucky, the unit alleged, the accused absented himself, without proper authority, from his organization, and that he remained so absent without authority until 3 September 1965, and lastly and most importantly, you may not find him guilty of desertion unless you are convinced beyond a reasonable doubt that either at the time he first absented himself or at some moment, however fleeting, during this period of unauthorized absence if you find it occurred, that he had the intent to remain away permanently from the United States Army. Whether or not the accused had this intent is a fact. . . .

"The Government . . . seeks to have you infer from the evidence that has been presented to you, that this fact existed, and of course, this is permissible. Any fact can be established by circumstantial evidence; that is, by producing to you evidence from which you are asked to logically and reasonably infer the existence of another fact if you can do so.

"Defense Counsel has also made it plain in his argument that he does not believe the evidence that has been submitted to you reasonably supports the inference which the prosecution would have you draw. The decision is yours to make, Gentlemen. You have heard the evidence. You have heard the argument of counsel. Have you been convinced beyond a reasonable doubt that the accused had the intent to remain away permanently?

". . . Any member of this court, at this stage of the trial, who re-

tains a reasonable doubt as to the guilt or innocence of the accused of the offense of desertion, must in all conscience vote him not guilty of that offense. Of course, any member of the court who has a reasonable doubt that the accused was a deserter, but is convinced beyond a reasonable doubt that he was guilty of absence without leave, could vote him guilty of that offense."

Undeniably, the instructions do not follow the standard form in which the elements of the lesser included offense are separately stated. However, in my opinion, they adequately define unauthorized absence as a lesser offense and satisfactorily cover its essential elements. I am confirmed in my opinion by viewing the trial situation as it appeared to the court members, the law officer, and counsel. See United States v Gordon, 14 USCMA 314, 319, 34 CMR 94.

The evidence demonstrated beyond all doubt that the accused had absented himself without authority for the period alleged. There was no objection to, and no denial of, the effect of official morning report entries to show the period of absence and the manner of its termination. On the contrary, the defense introduced a stipulation of *fact* which, in part, reiterated the morning report entry as to apprehension. The single issue raised by the evidence and defense argument was whether the accused entertained an intent to remain away permanently. It is not surprising, therefore, that the law officer did not comment extensively on the lesser offense of unauthorized absence. And, in my opinion, he said enough to apprise the court members that unauthorized absence was a lesser included offense, and to inform them of the elements thereof.

Since the statute of limitations had run against the lesser offense, the resultant question is whether there should have been any instruction whatever as to that offense. Civilian courts are apparently divided on the necessity for, or the effect of, an instruction on the elements of a lesser included offense as to which the statute of limi-

**371**

tations has run. See Chaifetz v United States, 288 F2d 133 (CA DC Cir) (1960). Appellate defense counsel contend that cases like *Chaifetz,* which hold that the instruction should not be given, are contrary to the requirement of Article 51(c)(3), 10 USC § 851, that the court-martial be instructed that if it has "a reasonable doubt as to the degree of guilt, the finding must be in a lower degree as to which there is no reasonable doubt." Apart from this objection, on which I express no opinion, the *Chaifetz* holding seems to me to be opposed to the basic reason for requiring an instruction on a lesser included offense reasonably raised by the evidence. That reason is to highlight the specific factual alternatives open to the triers of the facts. United States v Clark, 1 USCMA 201, 2 CMR 107; United States v Williams, 1 USCMA 231, 2 CMR 137. Moreover, the discussion in the Manual for Courts-Martial, United States, 1951, on what to do when a finding of guilty is returned on a lesser offense on which the statute of limitations has run, implies that the court-martial will be instructed on such lesser offenses. Paragraph 74*h* provides, in part, as follows:

"If by exceptions and substitutions an accused is found guilty of a lesser included offense to which he has not entered a plea, and against which it appears that the statute of limitations (Art. 43) has run, the law officer (president of a special court-martial) will, as soon as such a finding is announced, advise him in open court of his right to avail himself of the statute in bar of punishment. If an accused interposes the statute in bar of punishment, the issue will be determined in substantially the same manner as a motion to dismiss on the grounds of the statute of limitations (68*c*)."

Some courts appear to sanction an instruction on the lesser offense, with a further instruction to the effect that, since the statute has run, no finding of guilty should be returned thereon if it is determined that the lesser of-fense is one actually committed by the accused. The Manual discussion recognizes the need for the basic instruction, but steers away from the qualification. The latter has an element of unfairness to the accused. As the board of review in United States v Sitterly, 10 CMR 523, 526, observed, an instruction that a finding of guilty may not be returned on the lesser offense would induce a "natural reluctance" on the part of the court members to decide the issue in a way which "would result in no punishment being imposed on an accused patently guilty of" some offense. There is a great deal of difference between submitting all factual questions to the triers of the facts, which is the reason for the rule as to instructions on lesser included offenses, and sanctioning a conviction for an offense as to which the statute of limitations has run. The first can only be decided by the court members; the latter can, where the facts are undisputed, be determined as a question of law. Although we did not specifically consider these circumstances in United States v Swain, 8 USCMA 387, 24 CMR 197, the result we reached on the basis of settled precedent was, I believe, correct. There, as here, the accused was charged with desertion. The evidence showed that the lesser offense of unauthorized absence was reasonably raised. We held that the failure to instruct on the lesser offense was prejudicial error. In that case, as in this, the statute of limitations had run against the lesser offense. In my opinion, therefore, the law officer was correct in instructing the court members that if any of them had "a reasonable doubt that the accused was a deserter," but was "convinced beyond a reasonable doubt" that the accused "was guilty of absence without leave," he could "vote him guilty of that offense." And he was also correct in not instructing, or allowing trial counsel to comment, on the expiration of the statute of limitations as to the lesser offense.

I would affirm the decision of the board of review.