UNITED STATES, Appellee

v

RICHARD L. COOPER, Private First Class, U. S. Army, Appellant

16 USCMA 390, 37 CMR 10

No. 19,364

November 18, 1966

Captain *Robert R. Broxton* argued the cause for Appellant, Accused. With him on the brief were Lieutenant Colonel *Martin S. Drucker* and Lieutenant Colonel *Jacob Hagopian.*

Captain *Maurice Jay Kutner* argued the cause for Appellee, United States. With him on the brief were Colonel *Joseph J. Crimmins,* Lieutenant Colonel *Francis M. Cooper,* and Captain *Walter L. Harvey.*

### Opinion of the Court

FERGUSON, Judge:

Tried by a general court-martial convened at Fort Dix, New Jersey, the accused was found guilty of desertion, in violation of Uniform Code of Military Justice, Article 85, 10 USC § 885. He was sentenced to dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for two years, and reduction to the grade of Private E-1. The convening authority approved the sentence. Reducing the period of confinement involved to eighteen months, the board

of review otherwise affirmed. We granted accused's petition for review upon the issue:

"Whether the accused was prejudiced by the failure of the law officer to instruct on the lesser included offense of AWOL."

The evidence indicates, and, indeed, accused testimonially declared, that he absented himself without leave from his organization at Fort Eustis, Virginia, on June 6, 1963, and remained so absent until apprehended in New York City, New York, on September 22, 1965. However, he expressly denied any intent to remain away from the Army permanently and positively asserted his purpose to return upon completion of an electronics course in which he was enrolled when apprehended. In support thereof, he offered evidence that, during his absence, he had retained his military identification card and dog tags, and utilized his own name in seeking employment and schooling.

Based on the foregoing, the law officer properly instructed the court-martial on the elements of the charged offense of desertion. However, although he mentioned the lesser included offense of absence without leave, he nowhere delineated its elements, possibly on the ground that sentencing thereon was barred by the Statute of Limitations.

The failure of the law officer so to advise the court-martial of the elements of the lesser included offense of absence without leave was prejudicial error. United States v Wiedemann, 16 USCMA 365, 36 CMR 521. In that case, we developed at length the reasoning behind the requirement in military law that lesser offenses in issue be the subject of proper instruc-

tions regardless of whether their prosecution may be barred by Code, supra, Article 43, 10 USC § 843. The same rationale applies to the instant case, and, as the evidence clearly raised the lesser crime, proper instructions thereon were required. United States v Lowery, 2 USCMA 315, 8 CMR 115; United States v Swain, 8 USCMA 387, 24 CMR 197; United States v Rodgers, 8 USCMA 664, 25 CMR 168.

The findings of guilty and sentence are set aside. The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

The real issue in this case is not whether the accused was prejudiced by a failure to instruct on the lesser included offense of unauthorized absence, but whether the instructions adequately cover the elements of that offense. The instructions are substantially similar to those in United States v Wiedemann, 16 USCMA 365, 36 CMR 521.

Here, as in *Wiedemann*, the instructions do not follow the formula of listing separately the elements of the offense charged, and the elements of the lesser offense, but, in my opinion they are meaningful and legally sufficient. I am reinforced in my opinion by the Findings Work Sheet, which was submitted to the court members with defense counsel's consent. In an out-of-court hearing on the proposed instructions, the law officer "modified" the work sheet to "reflect two possible findings, a finding of guilty of desertion as charged or . . . findings of the lesser included offense of absence without leave."[1] For these reasons,

---

1. In pertinent part, the "modified" Findings Work Sheet reads as follows:

"PFC Cooper, it is my duty as president of this court to inform you that the court in closed session and upon secret written ballot, (two-thirds) . . . of the members present at the time the vote was taken concurring in each finding of guilty, finds you;

"Of . . . the Specification . . . and (the) Charge . . .

*OR*

.   .   .   .   .   .

"Of *the* Specification *of the,* Charge . . . : Guilty, except the (words) . . . *'and with intent to remain away therefrom permanently'* (and *'in desertion'*) [. . . of the

**391**

and those set out in my dissent in the *Wiedemann* case, I am satisfied that the instructions informed the court members that unauthorized absence was a lesser offense of desertion, and that they could find the accused guilty of that offense as an alternative to desertion. I would, therefore, affirm the decision of the board of review.

excepted words, not guilty, of the substituted words, guilty].

*AND*

.  .  .  .  .  .

"Of (the) Charge . . . : Not

guilty, but guilty of a violation of Article *86.*" [The *underscored* words are in ink, and apparently represent the law officer's additions to the mimeographed form.]