# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, HAIGHT, and MAGGS[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 URIEL RIVASCHIVAS**
**United States Army, Appellant**

ARMY 20140471

Headquarters, I Corps
Jeffery Lippert, Military Judge (arraignment)
Andrew Glass, Military Judge (trial)
Colonel William R. Martin, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major M. Patrick Gordon, JA; Captain Ryan T. Yoder, JA (on brief).

For Appellee: Major A.G. Courie, III, JA; Major Daniel D. Derner, JA; Captain Timothy C. Donahue, JA (on brief).

24 July 2015

---------------------------------
OPINION OF THE COURT
---------------------------------

HAIGHT, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of desertion and false official statement, in violation of Articles 85 and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 885 and 907 (2006; 2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for three months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error, which merits discussion but no relief.

---

[1] Judge MAGGS took final action in this case while on active duty.

## BACKGROUND

Appellant was charged with deserting the U.S. Army in December 2007 and remaining in unauthorized absence until January 2014. Shortly after appellant's return to Fort Lewis, Washington, charges were preferred against him on 28 January 2014, received by the summary court-martial convening authority on that same day, and ultimately referred to trial on 10 April 2014. On 27 May 2014, appellant pleaded guilty by exceptions and substitutions to a desertion that terminated in February 2008. During the providence inquiry, appellant explained he originally "tried to come back into Army control" in February 2008 by turning himself in at Naval Station Great Lakes in Illinois but ultimately remained absent from the Army until his return to Fort Lewis in January 2014.

Despite appellant being absent for more than six years, the government elected to not "prove up" the longer desertion as charged and let the conviction stand in accordance with the pleaded exceptions and substitutions. This decision to not go forward with the period of absence as charged did not affect the maximum potential punishment in this case, because the presidentially-set cap for the crime of desertion is not contingent on the duration of the absence. Appellant unconditionally waived his pretrial Article 32, UCMJ, hearing, pleaded guilty without benefit of a pretrial agreement, and did not enter into a stipulation of fact. Any potential bar to prosecution because of the statute of limitations was never mentioned or discussed.

On appeal, appellant claims the military judge abused his discretion by accepting appellant's guilty plea without a knowing and affirmative waiver of the statute of limitations. We disagree.

## LAW AND DISCUSSION

Article 43(b)(1), UCMJ, states, "[e]xcept as otherwise provided in this section (article), a person charged with an offense is not liable to be tried by court-martial if the offense was committed more than five years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command." Because absence without leave (AWOL) and desertion are "not continuing offenses and are committed, respectively, on the day the person goes absent [or] deserts," appellant is considered to have committed his crime of desertion when he first left in December 2007. Rule for Courts-Martial [hereinafter R.C.M.] 907 discussion; *see also United States v. Tunnell*, 23 M.J. 110, 111 (C.M.A. 1986). However, "[w]hen computing the statute of limitations, periods in which the accused was . . . absent without leave or in desertion are excluded." R.C.M. 907 discussion; *see also* UCMJ art. 43(c).

Appellant's position is that when applying the dates to which appellant pleaded guilty as well as applying the obvious and proper exclusion of appellant's

admitted period of unauthorized absence, the statute of limitations presumably barred prosecution of any charges received after February 2013—that is, five years after February 2008. Appellant's charges were received by the summary court-martial convening authority on 28 January 2014, thereby stopping the running of the statute of limitations on that date, nearly a full year beyond when the Article 43(b)(1) statute of limitations possibly expired. With that in mind, appellant highlights that he did not make an effective waiver of the period of limitation.

The law is clear. In order "to waive the defense of the statute of limitations, the appellant must be personally aware of that right and must knowingly and affirmatively waive it on the record." *United States v. Brown*, 30 M.J. 907, 909 (A.C.M.R. 1990). Just how concrete the requirement is that any waiver of the statute of limitations be express and knowing has been detailed by our superior court:

> Almost 28 years ago, we held that it was "well established in military jurisprudence that whenever it appears that the statute of limitations has run against an offense," that fact will be brought to the attention of the accused by the court. We further held that we would not impose upon an accused a waiver of the right to plead the statute of limitations in bar of trial when the record does not disclose that he was aware of that right. This principle of open-court advisement was recognized in paragraph 68*c* of the Manual for Courts-Martial, United States, 1951, and in the 1969 Manual for Courts-Martial . . . *see* R.C.M. 907(b)(2)(B), Manual for Courts-Martial, United States, 1984. It was reaffirmed by this Court in *United States v. Arsneault*, 6 M.J. 182 (C.M.A. 1979), and even more recently in *United States v. Jackson*, [20 M.J. 83 (C.M.A. 1985]. It is too well-established in military law to require further elaboration here.

*United States v. Salter*, 20 M.J. 116, 117 (C.M.A 1985) (internal citation omitted). Accordingly, appellant asserts that he could not have made an effective waiver because the military judge did not ascertain on the record if appellant knowingly and voluntarily waived the statute of limitations.

We find the statute of limitations did not bar prosecution of appellant's desertion. Generally, Article 43, UCMJ, imposes a 5-year time bar. However, a desertion or AWOL in time of war "may be tried and punished at any time without

limitation." UCMJ art. 43(a).[2] Therefore, if December 2007, the date of appellant's absence, was during a "time of war," then the 5-year limitation did not apply, there was no bar to waive, and there would have been no requirement to discuss the issue further.

Our sister court, the United States Coast Guard Court of Military Review, addressed this very issue with respect to an appellant who pleaded guilty to an unauthorized absence from 1968 to 1971, and the charges were received beyond the peace-time statute of limitations applicable at that time. *United States v. Scott*, 46 C.M.R 541 (C.G.C.M.R. 1971). That court explained:

> The bar of the statute of limitations may be waived so long as the accused is aware of his right to assert it. A plea of guilty, after explanation of its effect with respect to the statute of limitations, operates as such a waiver. In a proper case where the statute of limitations, if asserted, would have barred trial, the military judge could not accept a plea of guilty without questioning the accused personally and satisfying himself that the accused knowingly and understandingly desired to waive. It was not necessary in the instant case for the military judge to have questioned [appellant] on this point, however, because the AWOL charged was, in contemplation of law, an AWOL committed in time of war.

*Id*. at 544 (internal citations omitted).

We, likewise, find it was not necessary in this case for the military judge to discuss waiver of the statute of limitations with appellant as his admitted desertion in December 2007 was in a time of war—at least for purposes of Article 43, UCMJ.

---

[2] The full text of Article 43(a), UCMJ, reads, "A person charged with absence without leave or missing movement in time of war, with murder, rape, or rape of a child, or with any other offense punishable by death, may be tried and punished at any time without limitation." We note that desertion is an aggravated AWOL as the first two elements of the charged crime of desertion are an "absence" and "without authority." *See* UCMJ art. 85; *see also United States v. Powell*, 38 M.J. 153 (C.M.A. 1993) (labeling a period for which desertion was charged as a "period of unauthorized absence"); *United States v. Pou*, 43 M.J. 778, 780 (A.F. Ct. Crim. App. 1995) (ruling that a period of desertion qualifies as a period "in which the accused is absent without authority" for purposes of Article 43(c), UCMJ).

What constitutes a "time of war" for purposes of the statute of limitations as outlined in Article 43, UCMJ, is not a novel question. Our superior court, in a case involving a soldier who went AWOL within the continental United States at the end of 1950, explained that the analysis of "time of war" for purposes of the statute of limitations required an approach of "practicality, of broad realism, as distinguished from narrow legalism" and concluded that the hostilities in Korea at that time constituted a time of war and consequently "no limitation applie[d] to unauthorized absences." *United States v. Ayers*, 4 U.S.C.M.A. 220, 222, 227, 15 C.M.R. 220, 222, 227 (1954). Similarly, the same court, in a case of a soldier who deserted his unit at Fort Polk in 1964, concluded that "[t]he current military involvement of the United States in Vietnam undoubtedly constitutes a 'time of war' in that area, within the meaning of Article 43's suspension of the running of the statute of limitations." *United States v. Anderson*, 17 U.S.C.M.A. 588, 589, 38 C.M.R. 386, 387 (1968).[3]

When determining whether the country is engaged in a *de facto* war, as opposed to a formally declared or *de jure* war, appellate courts have looked to factors such as:

> [1] the nature of the conflict; [2] the manner in which it is carried on; [3] the movement to and presence of large numbers of personnel on the battlefield; [4] the casualties involved; [5] the sacrifices required; [6] the drafting of recruits to maintain a large number of personnel in the military service; [7] national emergency legislation enacted and being enacted; [8] executive orders promulgated; and [9] the expenditure of large sums to maintain armed forces in the theater of operations.

*United States v. Castillo*, 34 M.J. 1160, 1162-64 (N.M.C.M.R. 1992) (citing *United States v. Bancroft*, 3 U.S.C.M.A. 3, 5, 11 C.M.R. 3, 5 (1953)).

Like the Court of Military Appeals in 1953, we rely on "[a] reading of the daily newspaper accounts of the conflict in [Iraq and Afghanistan]; an appreciation of the size of the forces involved; a recognition of the efforts, both military and civilian, being expended to maintain the military operations in that area; and knowledge of other well-publicized wartime activities" to convince us "beyond any reasonable doubt that we [were] in a highly developed state of war" in 2007.

---

[3] The Court of Military Appeals held in *United States v. Averette*, 19 U.S.C.M.A. 363, 41 C.M.R. 363 (C.M.A. 1970), that the phrase "in time of war" for jurisdictional purposes under Article 2, UCMJ, applied only to a war declared by Congress and that the phrase therefore did not cover the conflict in Vietnam. But, the court in *Averette* did not overrule *Anderson*. Instead, the court distinguished *Anderson* based on differences between Article 43 and Article 2. *Id.* at 365, 41 C.M.R. at 365. Therefore, the analysis in *Anderson* continues to apply.

*Bancroft*, 3 U.S.C.M.A at 5-6, 11 C.M.R. at 5-6. Furthermore, we note historical facts such as the Iraq War troop surge of 2007, the continuous and multiple large-scale deployments to both Iraq and Afghanistan of combat units going back to 2003, the well-documented number of combat fatalities and injuries in that theater of operations during those campaigns, the tremendous financial cost of our ongoing military conflicts in the Middle East, the various legislative enactments and executive orders detailing our wartime footing in Iraq and Afghanistan, the creation of military commissions with the purpose of prosecuting violations of the law of war, and judicial decisions such as *Hamdi v. Rumsfeld*, 542 U.S. 507 (2004). The above is a non-exhaustive list which compels us to hold that appellant deserted the U.S. Army in a time of war for purposes of the statute of limitations under Article 43, UCMJ.[4]

Because no time limitation applied to appellant's war-time desertion, there was no bar to trial to waive, and consequently no inquiry regarding the statute of limitations was necessary. Although we need not decide here if appellant's pleading by exception and substitution to a much shorter period of unauthorized absence would have successfully implicated a bar to trial if the peace-time limitation had been applicable, we remind military judges and practitioners alike to remain cognizant of Article 43, UCMJ, along with its attendant exceptions, extensions, suspensions, and tolling provisions. *See* R.C.M. 920(e)(2) (Instructions on findings shall include "[a] description of the elements of each lesser included offense in issue unless trial of a lesser included offense is barred by the statute of limitations (Article 43, UCMJ) and the accused refuses to waive the bar."); *United States v. Wiedemann*, 16 U.S.C.M.A. 365, 370, 36 C.M.R 521, 526 (1966) ("[I]f the accused pleads guilty to a lesser included offense against which the statute has apparently run, the law officer will advise him of his right to interpose the statute in bar of trial and punishment as to that offense."); *Tunnell*, 23 M.J. 110; *see also United States v. Thompson*, 59 M.J. 432, 439 (C.A.A.F. 2004) ("When the evidence reasonably raises issues concerning a lesser-included offense or the statute of limitations, the military judge is charged with specific affirmative responsibilities.").

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

---

[4] We acknowledge that several federal courts have concluded that the hostilities in Iraq and Afghanistan, during the relevant time period, constituted a time of war for purposes of the wartime suspension of limitations codified at 18 U.S.C. § 3287. *See, e.g.*, *United States v. Frediani*, 2015 U.S. App. LEXIS 10449 (11th Cir. 2015); *United States ex rel. Carter v. Halliburton Co.*, 710 F.3d 171 (4th Cir. 2013), *aff.d in part, rev'd in part sub nom. Kellogg Brown & Root Servs. v. United States ex rel. Carter*, 2015 U.S. LEXIS 3407, 135 S.Ct. 1970 (2015); *United States v. Pfluger*, 685 F.3d 481 (5th Cir. 2012).

Senior Judge COOK and Judge MAGGS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

7