UNITED STATES, Appellee,

v.

Larry W. ARSNEAULT, Air Controlman Airman Apprentice, United States Navy, Appellant.

No. 35,567.

NCM 77 1523.

U. S. Court of Military Appeals.

Feb. 5, 1979.

For Appellant—*Lieutenant Commander William C. Henderson*, JAGC, USN (argued); *Commander Carl H. Horst*, JAGC, USN.

For Appellee—*First Lieutenant Craig L. Kemmerer*, USMCR (argued); *Commander T. C. Watson, Jr.*, JAGC, USN (on brief); *Lieutenant Commander N. P. DeCarlo*, JAGC, USN.

Opinion of the Court

COOK, Judge:

Contrary to his pleas, the appellant was found guilty by a special court-martial with members of eight specifications of absence without authority, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The dates of the unauthorized absences are as follows:

| | | | |
|---|---|---|---|
| 1. | 13 August 1974 | to o/a | 23 September 1974 |
| 2. | 30 December 1974 | to o/a | 11 February 1975 |
| 3. | 19 February 1975 | to o/a | 25 March 1975 |
| 4. | 22 May 1975 | to o/a | 27 May 1975 [Dismissed] |
| 5. | 1 July 1975 | to o/a | 15 September 1975 |
| 6. | 6 January 1976 | to o/a | 29 April 1976 |
| 7. | 1 June 1976 | to o/a | 8 November 1976 |
| 8. | 24 November 1976 | to o/a | 9 December 1976 |
| 9. | 4 January 1977 | to o/a | 2 February 1977 |

He was sentenced to a bad-conduct discharge and reduction to the grade of E–1. The findings and sentence were approved by the convening and supervisory authorities; the United States Navy Court of Military Review modified the finding of Specification 6 of the Charge to reflect the termination date of April 28, 1976, but otherwise affirmed the findings and sentence. We granted review to determine whether the statute of limitations was a bar to trial of Specification 1 of the Charge.

The facts giving rise to the granted issue are not in dispute. On December 17, 1976, the officer exercising summary court-mar-

tial jurisdiction acknowledged receipt of the charges upon the charge sheet referred to trial. Thus, the charge sheet upon which the charges were referred to trial indicates that the statute of limitations had run prior to the referral of Specification 1 of the Charge to trial. *See* Article 43(c), UCMJ, 10 U.S.C. § 843(c). However, in litigating a defense motion to dismiss, which is not relevant to the present appeal, the military judge considered two additional charge sheets. One reflects that the officer exercising summary court-martial jurisdiction received the charges on November 29, 1976, which was also after expiration of the statute of limitations; but the other shows the officer received the charges on October 7, 1975, which was prior to the expiration of the statute. The offense alleged under Specification 1 of the Charge appears on all the charge sheets. Additional charge sheets were prepared to reflect the preferral of periods of unauthorized absences occurring after the period alleged under Specification 1 of the Charge.

■ In essence, the issue presented is whether the receipt of charges by an officer exercising summary court-martial jurisdiction prior to the expiration of the statute of limitations is sufficient when a new, rather than an amended, charge sheet is prepared after the statute of limitations has expired. This Court addressed the issue in *United States v. Rodgers*, 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957), and resolved it against the Government. Accordingly, the conviction of Specification 1 of the Charge must be set aside.

■ Appellant was convicted of eight separate offenses of absence without authority; only one of the offenses was barred by the statute of limitations. As the case was tried before a special court-martial, the maximum imposable sentence was not affected by the conviction of Specification 1 of the Charge. This circumstance has generated differences of opinion among us as to the appropriate disposition of the case. We have settled on reassessment of the sentence by the Court of Military Review. Accordingly, the decision of the Court of Military Review is reversed as to the finding of guilty of Specification 1 of the Charge and the sentence. The finding of guilty of the specification is set aside and the specification is ordered dismissed. The record of trial is returned to the Judge Advocate General of the Navy for submission to the Court of Military Review for reassessment of the sentence on the basis of the remaining findings of guilty.

Chief Judge FLETCHER and Judge PERRY concur.