## UNITED STATES

### v.

**Bobby Larue DICKINSON, 448 66 5564, Seaman Recruit (E–1), U.S. Navy.**

**NMCM 83 2150.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 14 Feb. 1983.

Decided 29 Aug. 1983.

LCDR Jeanne Carroll, JAGC, USN, Appellate Defense Counsel.

LT Jerome A. Busch, JAGC, USNR, Appellate Defense Counsel.

LT Russel R. McKinney, JAGC, USNR–R, Appellate Defense Counsel.

LT(jg) William C. Little, Jr., JAGC, USNR, Appellate Government Counsel.

Before ABERNATHY, Senior Judge, and MITCHELL and BARR, JJ.

MITCHELL, Judge:

This special court-martial bench trial involved a two year absence without authority, pleas and findings of guilty, no pretrial agreement, and resulted in a sentence which included the bad conduct discharge requested by the accused. The charge sheet manifests a statute of limitations tolling issue which is not addressed in the record. This Court on its own motion ordered appellate briefs on the question of whether the statute of limitations barred prosecution in this case.

Seaman Recruit Dickinson's absence commenced on 13 November 1980. Trial was predicated on a charge sheet dated 10 January 1983, indicating that sworn charges were received by the summary court-martial convening authority on 11 January 1983, some two months after the statute of limitations had run. See Article 43, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 843. No motions were litigated by the parties. Though clearly on notice of a potential statute of limitations issue, the military judge at no time during trial mentioned the issue. He did not determine Seaman Recruit Dickinson's specific awareness of the issue or his intentions regarding any waiver of that issue. During trial there was extensive discussion of the facts related to the inception and termination of the absence. The military judge twice asked whether there were any legal issues to be raised. He received a negative response from the accused. No mention of the statute of limitations problem appeared in the staff judge advocate's review. There was no Goode response and no assignment of error to this Court.

■ Paragraph 68c, Manual for Courts-Martial, 1969 (Rev.) (MCM) requires the military judge to affirmatively bring an apparent statute of limitations issue to the attention of the accused and then secure either an exercise or a waiver of the defense, unless it is manifest that the accused is aware of his applicable rights and is knowingly waiving the assertion of the defense. The record of trial is devoid of evidence indicating either an awareness of or a knowing waiver of the statute of limitations defense. It is also devoid of evidence that the statute was tolled in a way other than the receipt of charges by the summary court-martial convening authority. We find that the military judge failed to comply with paragraph 68c, MCM.

■ Appellate government counsel submitted to this Court a charge sheet, dated 4 June 1982, which reflects 22 June 1982, for the tolling of the statute of limitations by the summary court-martial convening authority. Establishing the timely tolling of the statute of limitations does not render the military judge's error harmless because Seaman Recruit Dickinson stands convicted on newly drafted pleadings against which the statute of limitations has run. United States v. Rodgers, 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957); reaffirmed in United States v. Arsneault, 6 M.J. 182 (C.M.A.1979) (An original charge sheet was produced at trial in an unsuccessful attempt to defeat a motion to dismiss). It is proper for the accused to be tried on the 4 June 1982 charge sheet with the desertion charge amended to reflect the lesser charge of unauthorized absence, United States v. Rodgers, supra; United States v. Arbic, 16 U.S.C.M.A. 292, 36 C.M.R. 448 (1966), but that course cannot be invoked by this Court. Neither can this Court speculate that the accused's silence on the matter is indicative of what he would have done if proper inquiry had been made at trial.

In a military society the result of this decision is a harsh one that may result in a needless waste of time and money. It may perpetrate an injustice. Logically, the result mandated by the Rodgers case may elevate form over substance, and may fail to distinguish proof of offense from motion practice, as Judge Latimer asserted in his dissent in United States v. Rodgers, supra, at 42, 43. In military jurisprudence, how-

ever, the statute of limitations has long been accorded special significance. *See* paragraph 67, MCM, U.S. Army, 1928. This construction has been reinforced over the years by those authorities charged with evaluating the impact of legal principles upon the military merit of the armed forces. This reinforcement and the recent reaffirmation of the principle in question in *Arsneault*, therefore, precludes this Court from finding cause to reconsider the rule in the light of military necessity.

■ This Court holds that where the statute of limitations has apparently run against certain pleadings and there is no valid waiver of the defense, trial cannot lawfully proceed on those pleadings even where the original pleadings are produced to prove that the statute of limitations was, in fact, tolled. *United States v. Arsneault, supra.*

This Court is mindful that its decision affects the vitality of the pleadings upon which the trial in this case was premised while the results of its decision must be expressed in terms of disposition of the Charge and specification. The conviction is reversed, the findings of guilty and the sentence are set aside and the Charge and specification embodied in the charge sheet dated 10 January 1983 are dismissed. The record is returned to the Judge Advocate General of the Navy. Another trial predicated upon the 4 June 1982 charge sheet, however, is authorized.

Senior Judge ABERNATHY and Judge BARR concur.