**UNITED STATES, Appellee,**

v.

**Timothy R. JACKSON, Engineman Third Class U.S. Navy, Appellant.**

No. 46272
**NMCM 82 4431.**

U.S. Court of Military Appeals.

May 20, 1985.

For Appellant: *Lieutenant Roman A. Chojnacki, JAGC, USNR* (argued); *Lieutenant Colonel M. W. Lucas, USMC,* and *Lieutenant Ann D. Carroll, JAGC, USNR* (on brief); *Lieutenant Colonel H.S. Atkins, USMC.*

For Appellee: *Lieutenant Lance Cantor, JAGC, USNR* (argued); *Captain W.J. Hughes, JAGC, USN,* and *Lieutenant Michael P. Cogswell, JAGC, USNR* (on brief).

*Opinion of the Court*

COX, Judge:

Pursuant to his pleas, the accused was convicted by special court-martial, military judge alone, of absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The approved sentence extends to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $367.00 pay per month for 3 months, and reduction to the

lowest enlisted pay grade. The Court of Military Review affirmed the findings and sentence. 15 M.J. 988 (1983).

We granted this assigned issue:[1]

WHETHER PETITIONER MAY BE TRIED TWICE FOR THE SAME ALLEGED OFFENSES BASED UPON SUCCESSIVE CHARGE SHEETS.

Finding no error, we affirm.

On May 20, 1982, the accused was brought to trial for an absence without leave from February 22, 1980, until April 29, 1982. The charge sheet indicates that the sworn charges were received by the officer exercising summary court-martial jurisdiction on May 10, 1982. After electing trial by military judge alone, the accused pleaded guilty to the Charge and specification. At that point the military judge informed the accused as follows:

> I would note at looking at the charge sheet that the receipt of the sworn charges was more than two years after the commission of the offense, therefore the accused has the possibility of raising a statute of limitations defense to this particular specification.

> Before we proceed any further I would inquire of the defense if you intend or if the accused intends to waive raising this, if not I would entertain a motion to dismiss.

In response, defense counsel moved "to dismiss the Charge and Specification ... on the grounds that it" was "not in compliance with Article 43," UCMJ, 10 U.S.C. § 843.[2] The military judge asked if the Government had any other evidence to offer, and trial counsel responded that it did not and specifically conceded the issue. The military judge then granted the motion to dismiss.

On July 19, 1982, the accused was again brought to trial for absence without leave for the same period, but on a different charge sheet which indicated that the sworn charges were received by the officer exercising summary court-martial jurisdiction on "Nov 6 1981." The accused elected trial by military judge alone before the same trial judge who presided on May 20, 1982. Prior to pleading, defense counsel moved to dismiss "the charge and specification on the grounds that it has been previously dismissed and that under the facts and circumstances of this case that dismissal should be deemed a dismissal with prejudice." Defense counsel argued that the earlier charge sheet obviously was in the possession of the Government at the time of the first referral and that the accused had been prejudiced by "[t]wo months of limbo." Both trial and defense counsel disagreed about whether the earlier dismissal should be considered to be with or without prejudice. After deliberating, the military judge denied the motion to dismiss. The accused then pleaded guilty, and the trial continued with the results as delineated above.

■■■ Article 43 sets a 2–year limit for crimes such as that involved here; that is to say, that "the receipt of sworn charges" must occur before the passage of 2 years after the crime was committed. The crime of absence without leave is not a continuing offense; it is committed on the date that the accused unlawfully absents himself. Para. 215d, Manual for Courts-Martial, United States, 1969 (Revised edition). Thus, as the military judge correctly noted, the defense of Article 43 was available to the accused if he wished to avail himself of it at the first proceeding. Furthermore, as

---

1. The issue is somewhat improperly stated: if the first proceeding herein had been "a trial" in the sense of Article 44, Uniform Code of Military Justice, 10 U.S.C. § 844, a second "trial" on the same charges would have been barred. Hence we use "trial" to mean proceedings on a charge even though we decide that jeopardy did not attach at the first proceeding.

2. Article 43(c), UCMJ, 10 U.S.C. § 843(c), provides, in pertinent part:

> Except as otherwise provided in this article, a person charged with any offense is not liable to be tried by court-martial ... if the offense was committed more than two years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command ...

our caselaw requires, the military judge was correct in advising the accused of the existence of this bar to trial. *See United States v. Rodgers*, 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957). When the accused chose to plead the statute of limitations, he made what is defined in the Manual as a motion "in bar of trial, which, while ordinarily not relating to the guilt or innocence of the accused, may result in a dismissal of the charges." Para. 214(1), Manual, *supra*.

◼ However, at the trial upon the second, but earlier, charge sheet, defense counsel's motion was grounded in Article 44, UCMJ, 10 U.S.C. § 844, which provides:

(a) No person may, without his consent, be tried a second time for the same offense.

(b) No proceeding in which an accused has been found guilty by a court-martial upon any charge or specification is a trial in the sense of this article until the finding of guilty has become final after review of the case has been fully completed.

(c) A proceeding which, *after the introduction of evidence* but before a finding, is dismissed or terminated by the convening authority or on motion of the prosecution for failure of available evidence or witnesses without any fault of

the accused is a trial in the sense of this article.

(Emphasis added.)

The key words here are "after the introduction of evidence." In the first trial, the issue of the applicability of Article 43 appeared before acceptance of the accused's pleas. Thus, this proceeding was not a "trial" in the sense of Article 44, and the military judge's action in dismissing the charge does not amount to the attachment of jeopardy for the purposes of that article.[3]

◼ Appellate defense counsel also contend that the doctrine of *res judicata* is dispositive of the charge in this case. This doctrine is made applicable to military law by paragraph 71*b*, Manual, *supra*, in this manner:

The doctrine of res judicata provides that a matter put in issue and finally determined by a court of competent jurisdiction cannot be disputed between the same parties in a subsequent trial, even though the determination was based upon an erroneous view or application of the law. ... In criminal trials, the doctrine of res judicata precludes the prosecution from relitigating a matter determined in the accused's favor by a previous final judgment or ruling, whether the present trial is for the same or a different offense and whether the previ-

---

3. Counsel have cited in support of their argument our decisions in *United States v. Rodgers*, 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957), and *United States v. Arsneault*, 6 M.J. 182 (C.M.A. 1979). Both are factually different than the instant case.

In *Rodgers*, one of the offenses on the charge sheet to which the accused had pleaded guilty was committed more than 2 years before the sworn charge sheet had been received by an officer exercising summary court-martial jurisdiction over the command involved. The record failed to disclose that the accused had been made aware of his right to plead the statute of limitations in bar to trial on this specification. We held that the law officer erred in failing to advise the accused of his right to interpose the statute of limitations, and nothing in the record showed a conscious waiver of that right. In addition, a timely received charge sheet was found in the allied papers. However, we further held that even this would not excuse

the failure to properly advise the accused of his rights.
We did return the case since the Government had not been given the opportunity to show whether the statute might have been tolled. Chief Judge Quinn concurred for the additional reason "that the charge sheet referred for trial is the only charge sheet upon which the trial can proceed." 8 U.S.C.M.A. at 231, 24 C.M.R. at 41.

In *Arsneault*, the statute of limitations had run on specification 1 of the Charge. However, in litigating the motion to dismiss, the military judge considered two other charge sheets, one of which reflected that the officer exercising summary court-martial jurisdiction had received the charges prior to the expiration of the time specified in Article 43. We set aside the finding of guilty as to that specification on the basis of the decision in *Rodgers*. We find no tension between our holding here and our previous precedents.

ous proceeding culminated in an acquittal, a conviction, or otherwise. ... Whether res judicata applies to a certain matter is an interlocutory question.

The matter litigated at the first proceeding was simply that the charge sheet then before the court had not been received at a time which complied with Article 43 of the Code. Neither the accused's guilt nor innocence of the charge was at issue. At the second proceeding, a charge sheet timely received in terms of Article 43 was before the court; no issue litigated before was relitigated.

Under these somewhat singular circumstances there was no bar to trial of the accused on the properly sworn and timely received charge sheet.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

Judge FLETCHER did not participate.