UNITED STATES, Appellee,

v.

Jimmie R. SALTER, Private U.S. Army, Appellant.

No. 48,370.

SPCM 19174.

U.S. Court of Military Appeals.

May 28, 1985.

For Appellant: *Captain Thomas J. Feeney* (argued); *Colonel William G. Eckhardt, Lieutenant Colonel Arthur L. Hunt, Captain Frank J. Digiammarino, Captain Joel R. Maillie,* and *Captain Mark W. Harvey* (on brief); *Major Robert M. Ott* and *Captain Jesse W. Bendahan.*

For Appellee: *Captain Andrew D. Stewart* (argued); *Colonel James Kucera* and *Captain Richard J. Fadgen* (on brief); *Lieutenant Colonel John T. Edwards.*

*Opinion of the Court*

COX, Judge:

Contrary to his pleas, the accused was convicted by a special court-martial, military judge alone, of absence without leave from September 1, 1979, to February 3, 1983, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The approved sentence extends to a bad-conduct discharge, confinement at hard labor for 2 months, and forfeiture of $382.00 pay per month for 2 months. The Court of Military Review affirmed in a short-form opinion.

We specified the following issue:

WAS THE CHARGE AND SPECIFICATION ALLEGING AN UNAUTHORIZED ABSENCE BARRED BY THE STATUTE OF LIMITATIONS NOTWITHSTANDING APPELLANT'S PLEA OF NOT GUILTY TO THE OFFENSE? *UNITED STATES V. ARSNEAULT,* 6 M.J. 182 (C.M.A. 1979); *UNITED STATES V. RODGERS,* 8 U.S. C.M.A. 226, 24 C.M.R. 36 (1957).

We reverse.

The charge sheet (DD FORM 458) which was referred to trial states that the

sworn charges were received by the officer exercising summary court-martial jurisdiction at 1400 hours on March 1, 1983. Because the offense of absence without leave is not a continuing offense and is complete when the accused initially departed from his unit of assignment, *United States v. Francis,* 15 M.J. 424 (C.M.A.1983); *see United States v. Jackson,* 20 M.J. 83 (C.M.A. 1985); *United States v. Rodgers,* 8 U.S.C. M.A. 226, 24 C.M.R. 36 (1957), more than 2 years had elapsed between the date that the offense was committed (September 1, 1979) and the date that the sworn charges were received (March 1, 1983). Consequently, the accused was entitled to plead the military statute of limitations in bar of trial. *See* Article 43(c), UCMJ, 10 U.S.C. § 843(c); para. 215*d,* Manual for Courts-Martial, United States, 1969 (Revised edition).

Almost 28 years ago, we held that it was "well established in military jurisprudence that whenever it appears that the statute of limitations has run against an offense," that fact will be brought to the attention of the accused by the court. *United States v. Rodgers, supra* at 228, 24 C.M.R. at 38. We further held that we would not impose upon an accused a waiver of the right to plead the statute of limitations in bar of trial when the record does not disclose that he was aware of that right. This principle of open-court advisement was recognized in paragraph 68*c* of the Manual for Courts-Martial, United States, 1951, and in the 1969 Manual for Courts-Martial, *supra*; *see* R.C.M. 907(b)(2)(B), Manual for Courts-Martial, United States, 1984. It was reaffirmed by this Court in *United States v. Arsneault,* 6 M.J. 182 (C.M.A.1979), and even more recently in *United States v. Jackson, supra.* It is too well-established

in military law to require further elaboration here.

■ We note that among the allied papers there is a charge sheet dated May 8, 1981, that was received by the officer exercising summary court-martial jurisdiction on May 14, 1981, a time within the parameters of Article 43 (*c*). This charge sheet contains one specification of absence without leave and one specification of desertion for the same time period of the absence alleged here by the accused. However, as was pointed out in *United States v. Rodgers, supra* at 231, 24 C.M.R. at 41 (Quinn, C.J., concurring), "the charge sheet referred for trial is the only charge sheet upon which the trial can proceed."

While it is often easy, in the confines of an appellate court, to find fault with those in the trial arena, it does not appear to be unfair to point out that this matter was not raised at trial by advisement or otherwise, in the review of the staff judge advocate, by either trial counsel or the staff judge advocate in completing paragraph 17 of the Court-Martial Data Sheet (DD Form 494), at the Court of Military Review level, or before this Court. It would seem that everyone associated with this case, with one possible exception, overlooked this significant legal right.

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. The Charge and specification set out in the charge sheet dated February 1983 are dismissed.[*]

Chief Judge EVERETT concurs.

Judge FLETCHER did not participate.

---

[*] *See United States v. Jackson,* 20 M.J. 83 (C.M.A. 1985).