**UNITED STATES**

v.

**Herbert L. BLANKENSHIP, 346 50 3239 Corporal (E–4), U.S. Marine Corps.**

**NMCM 86 0202.**

U.S. Navy-Marine Corps Court of Military Review.

23 July 1986.

LCDR J.J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

LT GARY K. VAN METER, JAGC, USNR, Appellate Defense Counsel.

LT AARON SANTA ANNA, JAGC, USNR, Appellate Government Counsel.

Before KERCHEVAL, Senior Judge, and RAPP and GRANT, JJ.

PER CURIAM:

At a special court-martial trial by military judge alone the appellant, pursuant to his pleas, was convicted of an unauthorized absence exceeding four years. He was sentenced to a bad-conduct discharge, confinement for thirty days, forfeiture of $250.00 pay per month for six months, and reduction to pay grade E–1. The convening authority disapproved the adjudged confinement but approved the remainder of

the sentence. As error the appellant has asserted (1) the appellant's trial was barred by the statute of limitations, and (2) the military judge inadequately questioned the appellant regarding the pretrial agreement requiring trial by military judge alone. Due to our action in the first assignment of error, there is no need for us to discuss the second.

The appellant was tried on a charge sheet alleging an unauthorized absence from on or about 8 July 1981 to on or about 25 September 1985 and received by the summary court-martial convening authority on 10 October 1985. Thus, on the face of the charge sheet the two-year statute of limitations had run. Article 43(c), Uniform Code of Military Justice, 10 U.S.C. section 843(c). The military judge did not discuss the apparent running of the statute of limitation with the appellant or seek his waiver thereof. Instead, the military judge merely commented that he had attached to the record as an appellate exhibit a "charge sheet dated 6 January 1982, indicating receipt of sworn charges on 12 January 1982 and thus establishing jurisdiction of this case," which he characterized as a "recapitulation of these charges originally receipted for in 1982." The 6 January 1982 charge sheet alleged a period of desertion commencing on 8 July 1981 without a termination date and indicated receipt of the charges by the officer exercising summary court-martial jurisdiction on 12 January 1982, seemingly tolling the statute of limitations.

■ In his first assignment of error the appellant alleges that the military judge prejudicially erred when he failed to inform the appellant that he could assert the statute of limitations in bar of trial on the charges referred to trial by the charge sheet entry dated 11 October 1985. The appellant principally relies on *United States v. Rodgers*, 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957), bolstered by the more recent cases of *United States v. Arsneault*, 6 M.J. 182 (C.M.A.1979), and *United States v. Dickinson*, 16 M.J. 919 (N.M.C.M.

R.1983). These cases unequivocally establish that "the charge sheet referred for trial is the only charge sheet upon which the trial can proceed," *Rodgers*, 24 C.M.R. at 41 (Quinn, Chief Judge, concurring), so that proof of tolling the statute of limitations must appear on that charge sheet, and may not be established by reference to other charge sheets. The recent case of *United States v. Salter*, 20 M.J. 116 (C.M. A.1985), reaffirms the support of the Court of Military Appeals for this principle. *See also United States v. Jackson*, 20 M.J. 83 (C.M.A.1985).

The *Rodgers* principle seems at odds both with law and equity. In the present case the appellant pled guilty to the charge against him, expressly requested termination of his service obligation by a bad-conduct discharge, and made no objection to the proceedings at his trial, but now tries to take advantage of his inaction at that level. Military law has evolved significantly beyond the stage where mere technicalities decide cases. A steady trend is evident toward preference for substance rather than form and for demonstration of prejudice rather than presumption of wrong. *See United States v. Watkins*, 21 M.J. 208 (C.M.A.1986) (omission of words of criminality from specification alleging unauthorized absence did not render the specification fatally deficient); *United States v. Smart*, 21 M.J. 15 (C.M.A.1985) (failure of trial defense counsel to object to defect in staff judge advocates' recommendation constitutes waiver even when such recommendation is not served as required by law—"the service requirement is not an invitation for counsel to do nothing." 21 M.J. at 18); *United States v. Remai*, 19 M.J. 229 (C.M.A.1985) (automatic reversal rule would no longer be applied to an *Edwards v. Arizona*[1] error but rather a determination would be made if the error was harmless beyond a reasonable doubt). Even though the Court of Military Appeals has acknowledged *Rodgers* and *Arsneault* in the recent cases of *Salter*, 20 M.J. 116, and *Jackson*, 20 M.J. 83, neither

**1.** 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

*Rodgers* nor any of its progeny so graphically illustrate, as the present case does, the inequities of inflexible rules regarding waiver of the statute of limitations and substitution of charge sheets.

The appellant before us has suffered no prejudice. He was well aware of the charge against him, and all required procedural steps were accomplished, including timely receipt of the sworn charges by the officer exercising summary court-martial jurisdiction. The only thing out of the ordinary was referral of the charges on a new charge sheet vice amendment of the original and trial on the new charge sheet. Both charge sheets are in the record, so that we can be sure the statute of limitations was properly tolled. Why then should the simple ministerial act of substituting a new charge sheet for the old give the appellant a windfall? We see no legal significance to the choice of one alternative over the other, so long as the accused suffers no genuine prejudice. Addition of the date and the manner of return to military control for a desertion charge on a charge sheet indicating timely tolling of the statute of limitations has been found unobjectionable because neither a different nor a more serious offense was created. *See United States v. Spann*, 10 U.S.C.M.A. 410, 27 C.M.R. 484 (1959). For the same reason alteration of the charge from desertion to unauthorized absence has been allowed after the statute of limitations has been tolled. *See United States v. Arbic*, 16 U.S.C.M.A. 292, 36 C.M.R. 448 (1966). In the present case substitution of a new charge sheet for the older one likewise created neither a different nor more serious offense, but, rather, changed the charge from desertion to the lesser included offense of unauthorized absence, thereby benefitting the appellant by significantly reducing the maximum punishment applicable to his case. Although the record does not set forth a reason for the substitution of charge sheets, we may surmise that it was done to replace the older with a subsequently prescribed, revised form. Again, no prejudice to the appellant is evident.

Nevertheless, we are bound by the precedent set by the Court of Military Appeals, and we reluctantly set aside the findings of guilty and the sentence. The charge and specification in the charge sheet upon which the appellant was tried are dismissed. The record is returned to the Judge Advocate General of the Navy. Another trial based upon the 6 January 1982 charge sheet is authorized.