UNITED STATES, Appellee,

v.

David E. WALLER, Seaman Recruit,
U.S. Navy, Appellant.

No. 51,186.

NMCM 84 2355.

U.S. Court of Military Appeals.

July 20, 1987.

1. The convening authority requested this officer to take initial action on the record of trial.

For Appellant: *Lieutenant Mark A. Hammond*, JAGC, USN (argued); *Lieutenant Commander James J. Quigley*, JAGC, USN (on brief); *Major Patrick H. McGann, Jr.*, USMC, *Major Michael E. Canode*, USMC, *Lieutenant Rickey P. Roecker*, JAGC, USNR.

For Appellee: *Lieutenant Colonel L.F. Henley, Jr.*, USMC (argued); *Captain Carl H. Horst*, JAGC, USN (on brief); *Captain W.J. Hughes*, JAGC, USN and *Lieutenant Steven P. Benson*, JAGC, USNR.

*Opinion of the Court*

SULLIVAN, Judge:

Appellant was tried by a special court-martial composed of a military judge alone at the Naval Legal Service Office, Norfolk, Virginia, on April 30 and May 2, 1984. Pursuant to his pleas, he was found guilty of unauthorized absence from September 10, 1981, to February 19, 1984, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The military judge sentenced him to a bad-conduct discharge, confinement for 3 months, and forfeiture of $380 pay per month for 3 months. The supervisory authority[1] approved the sentence but, in accordance with a pretrial agreement, suspended confinement in excess of 60 days for a period of 12 months. The Court of Military Review affirmed.

This Court granted review of the following specified issue of law:

WHETHER THE COURT–MARTIAL WAS BARRED BY THE STATUTE OF LIMITATIONS.

We hold that appellant's court-martial for this offense was not barred by Article 43, UCMJ, 10 U.S.C. § 843.[2]

2. This Article states *inter alia:*

§ 843. Art. 43. Statute of limitations

The charge sheet[3] upon which appellant was brought to trial was dated June 9, 1982. It contains an amended charge of absence without authority from the USS DWIGHT D. EISENHOWER (CVN–69) from August 19, 1981, to February 19, 1984, in violation of Article 86. The original charge alleged desertion from the same ship, in violation of Article 85, UCMJ, 10 U.S.C. § 885, from August 19, 1981, with no termination date provided. Interlineations accomplished the amendment.

There are two "page threes"[4] to this charge sheet (see appendix). In the trial brief submitted to the judge, trial counsel described this part of the record and the action it reflects:

As alleged by page 2 of the original charge sheet, the accused was charged with Violation of Article 85, UCMJ, Desertion. Upon his return, the charge was amended or modified to reflect a lesser included offense of Violation of Article 86, UCMJ, Unauthorized Absence from 19 August 1981 until 19 February 1984. The charge sheet consisted of the original pages one through four, plus the addition of another page three. The Article 85 charge was sworn on 29 July 1982 by PN2 R. M. Gray in front of an officer authorized to administer oath[s], and was received on 10 August 1982 by the Commanding Officer, USS DWIGHT

D. EISENHOWER (CVN 69), which was within both the three year statute of limitations for desertion and the two year statute of limitations for unauthorized absence. Article 42(b) and (c), UCMJ. The referral block on the original page three, however, was never signed. Subsequent to the accused's return, a new page three was sworn to, and then received by the Commander Officer, USS EISENHOWER (CVN 69) on 16 April 1984, a time outside of the two year statute of limitations for the unauthorized absence. (It should be noted that the Commanding Officer, USS EISENHOWER has both special and summary courts-martial convening authority jurisdiction.) The new page three reflected that the sworn charge was an "amended charge." The charge (which is the charge before this court) was then referred to Special Court-Martial by the Commanding Officer of the EISENHOWER on 16 April 1984 by use of the referral block of the second page three.

Appellant contends here, as he did at trial, that he was court-martialed for an offense on which the statute of limitations had run. *See* Art. 43(c). He cites the decisions of this Court in *United States v. Arsneault*, 6 M.J. 182 (C.M.A. 1979), and *United States v. Rodgers*, 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957). He asserts that the amended absence charge was different

---

(a) A person charged with desertion or absence without leave in time of war, or with aiding the enemy, mutiny, or murder, may be tried and punished at any time without limitation.

(b) Except as otherwise provided in this article, a person charged with desertion in time of peace or any of the offenses punishable under sections 919–932 of this title (articles 119–132) is not liable to be tried by court-martial *if the offense was committed more than three years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command.*

(c) Except as otherwise provided in this article, a person charged with any offense is not liable to be tried by court-martial or punished under section 815 of this title (article 15) *if the offense was committed more than two years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the com-*

*mand or before the imposition of punishment under section 815 of this title (article 15).*

(d) Periods in which the accused was absent from territory in which the United States has the authority to apprehend him, or in the custody of civil authorities, or in the hands of the enemy, shall be excluded in computing the period of limitation prescribed in this article.

(Emphasis added.)

3. DD Form 458 (1 OCT 69) is a four-page form entitled "Charge Sheet." App. 5, Manual for Courts-Martial, United States, 1969 (Revised edition). It consists of two sheets of paper joined together at the top with a single page on each side of each sheet.

4. The second "page three" is included in the record between the two connected sheets of the above form (see appendix).

in nature from the original desertion charge and that the receipt of such an amended charge after the period of limitation had expired was untimely. *See generally* para. 215d, Manual for Courts-Martial, United States, 1969 (Revised edition).

 The particular holding in *Rodgers* is that an accused must be advised of his right to assert a bar to his trial where the charge sheet on which he is tried shows that the statute of limitations has run. The existence of a second timely-received charge sheet, which is not referred to trial but which is included elsewhere in the record, does not preclude the need for such advice. The clear implication is that trial on the sole basis of the referral of an untimely-received charge sheet is barred by Article 43. *United States v. Arsneault, supra.* However, trial on the basis of a referral of a timely-received charge sheet is not barred simply because a second untimely-received charge sheet exists. *United States v. Jackson*, 20 M.J. 83 (C.M.A. 1985): *United States v. Rodgers, supra* at 230–31, 24 C.M.R. at 40–41.

 This is not a case involving multiple charge sheets. *Cf. United States v. Ars-*neault, supra; United States v. French*, 9 U.S.C.M.A. 57, 25 C.M.R. 319 (1958); *United States v. Rodgers, supra.* It is a case of a single charge sheet with an additional page three. *See United States v. Spann*, 10 U.S.C.M.A. 410, 27 C.M.R. 484 (1959). Moreover, this amendment, which actually favored appellant, did not change the nature of the originally charged offense. It reduced the seriousness of the original charge by alleging a lesser-included offense. *See United States v. Brown*, 4 U.S.C.M.A. 683, 688, 16 C.M.R. 257, 262 (1954). The inclusion of the additional page three within the original charge sheet suggests only that permissible amendments to the original charge were recorded in a somewhat irregular manner. *Cf.* para. 215, Manual, *supra.* The actual referral of the package as a whole undermines any suggestion that the statute of limitations was violated. *United States v. Spann, supra.*

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.

## APPENDIX

| NAME, GRADE, AND ORGANIZATION OF ACCUSER | SIGNATURE |
|---|---|
| A. S. CALLAHAN, LN1, USN, USS DWIGHT D. EISENHOWER (CVN 69) | *A. S. Callahan* |

**AFFIDAVIT**

Before me, the undersigned, authorized by law to administer oaths in cases of this character, personally appeared the above-named accuser this __16th__ day of _____April_____, 19_84_, and signed the foregoing charges and specifications under oath that he is a person subject to the Uniform Code of Military Justice, and that he either has personal knowledge of or has investigated the matters set forth therein, and that the same are true in fact, to the best of his knowledge and belief.

amended

| GRADE AND ORGANIZATION OF OFFICER | SIGNATURE |
|---|---|
| Lieutenant, JAGC, U. S. Navy | *J. P. Edwards* |

| OFFICIAL CHARACTER, AS ADJUTANT, SUMMARY COURT, ETC. (MCM, 29g, and Article 30g and 136) | TYPED NAME |
|---|---|
| Assistant Legal Officer | J. P. EDWARDS |

*Officer administering oath must be a commissioned officer.*

16 April 1984
DATE

I have this date informed the accused of the charges against him (MCM, 32f(1)).

| NAME, GRADE, AND ORGANIZATION OF IMMEDIATE COMMANDER | SIGNATURE |
|---|---|
| A. S. CALLAHAN, LN1, USN, USS DWIGHT D. EISENHOWER (CVN 69) | *A. S. Callahan* |

| DESIGNATION OF COMMAND OF OFFICER EXERCISING SUMMARY COURT-MARTIAL JURISDICTION | PLACE | DATE |
|---|---|---|
| USS DWIGHT D. EISENHOWER (CVN 69) | at sea | 16 APR 1984 |

The sworn charges above were received at __1100__ hours, this date (MCM, 33b).

FOR THE

| NAME, GRADE, AND OFFICIAL CAPACITY OF OFFICER SIGNING | SIGNATURE |
|---|---|
| E. W. CLEXTON, JR., CAPT, USN Commanding Officer | |

**1ST INDORSEMENT**

| DESIGNATION OF COMMAND OF CONVENING AUTHORITY | PLACE | DATE |
|---|---|---|
| USS DWIGHT D. EISENHOWER (CVN 69) | at sea | 16 APR 1984 |

Referred for trial to the __special__ court-martial appointed by __my special court-martial__ convening order number 12-84 of

_____, __16 April__ 19_84_, subject to the following instructions:

None.

/ BY / _____ / /

| NAME, GRADE, AND OFFICIAL CAPACITY OF OFFICER SIGNING | SIGNATURE |
|---|---|
| E. W. CLEXTON, JR., CAPT, USN Commanding Officer | |

I have served a copy hereof on each of the above-named accused, this __16th__ day of __April__, 19_84_

| NAME, GRADE, AND ORGANIZATION OF TRIAL COUNSEL | SIGNATURE |
|---|---|
| A. S. CALLAHAN, LN1, USN, USS DWIGHT D. EISENHOWER (CVN 69) | *A. S. Callahan* |

1/ When an appropriate commander signs personally, inapplicable words are stricken out. 2/ Relative to proper instructions which may be included in the indorsement of reference for trial, see MCM, 33(f1). If none, so state.

3

| NAME, GRADE, AND ORGANIZATION OF ACCUSER | SIGNATURE |
|---|---|
| R. M. GRAY<br>PN2(SS), U. S. NAVY | *R. M. Gray* |

**AFFIDAVIT**

Before me, the undersigned, authorized by law to administer oaths in cases of this character, personally appeared the above-named accuser this ____ day of ____July____, 19__, and signed the foregoing charges and specifications under oath that he is a person subject to the Uniform Code of Military Justice, and that he either has personal knowledge of or has investigated the matters set forth therein, and that the same are true in fact, to the best of his knowledge and belief.

| Lieutenant Commander<br>U. S. Navy | *C. J. McLean* |
|---|---|
| GRADE AND ORGANIZATION OF OFFICER | SIGNATURE |
| By grade | C. J. MCLEAN |
| OFFICIAL CHARACTER, AS ADJUTANT, SUMMARY COURT, ETC.<br>(MCM, 29g, and Article 30a and 136) | TYPED NAME |

*Officer administering oath must be a commissioned officer.*

16 April 1984
DATE

I have this date informed the accused of the charges against him *(MCM, 32f(1))*.

| A. S. CALLAHAN, LN1, USN,<br>USS DWIGHT D. EISENHOWER (CVN 69) | *A. S. Callahan* |
|---|---|
| NAME, GRADE, AND ORGANIZATION OF IMMEDIATE COMMANDER | SIGNATURE |

| USS DWIGHT D. EISENHOWER (CVN 69) FPO NEW YORK 09532 | 10 AUG 1984 |
|---|---|
| DESIGNATION OF COMMAND OF OFFICER EXERCISING<br>SUMMARY COURT-MARTIAL JURISDICTION PLACE | DATE |

The sworn charges above were received at_1000_hours, this date *(MCM, 33b)*.

FOR THE

| D. W. RITT, CAPTAIN, U. S. NAVY<br>COMMANDING OFFICER | *(signature)* |
|---|---|
| NAME, GRADE, AND OFFICIAL CAPACITY OF OFFICER SIGNING | SIGNATURE |

**1ST INDORSEMENT**

| DESIGNATION OF COMMAND OF CONVENING AUTHORITY | PLACE | DATE |
|---|---|---|

Referred for trial to the _____ court-martial appointed by _____

_____ 19___, subject to the following instructions:

____BY____ _____ of _____
COMMAND OR ORDER

| NAME, GRADE, AND OFFICIAL CAPACITY OF OFFICER SIGNING | SIGNATURE |
|---|---|

I have served a copy hereof on each of the above-named accused, this _____ day of _____, 19___.

| NAME, GRADE, AND ORGANIZATION OF TRIAL COUNSEL | SIGNATURE |
|---|---|