*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, BROWN, and DALY
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Antonio D. MILLER**
Airman Apprentice (E-2), U.S. Navy
*Appellant*

**No. 202200230**

_____

Decided: 23 October 2023

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Donald R. Ostrom

Sentence adjudged 5 August 2022 by a special court-martial convened at Naval Station Norfolk, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for two months, and a bad-conduct discharge.[1]

For Appellant:
*Lieutenant Commander Daniel C. LaPenta, JAGC, USN*
*Lieutenant Commander Megan P. Marinos, JAGC, USN*

---

[1] Appellant is credited with having served 79 days of pretrial confinement.

*24 October 2023: Administrative Correction to footnotes 35 and 42.*

For Appellee:
*Major Mary C. Finnen, USMC*

Judge BROWN delivered the opinion of the Court, in which Senior
Judge KISOR and Judge DALY joined.

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

BROWN, Judge:

A military judge sitting alone as a special court-martial convicted Appellant, in accordance with his pleas, of desertion in violation of Article 85, Uniform Code of Military Justice [UCMJ], for leaving his unit, Naval Station Norfolk, Virginia, without authority on or about 14 April 1978, intending to remain away permanently, and remaining absent in desertion until he was apprehended on 19 May 2022.[2] Additionally, Appellant pleaded not guilty to obstruction of justice, in violation of Article 131b, UCMJ, and that charge was withdrawn without prejudice to ripen into prejudice upon completion of appellate review.[3]

Appellant's case was originally submitted to this Court without assignment of error; however, upon review of the record, we ordered briefing of the following specified issues:

(1) With respect to the sole Specification of Charge I (Desertion), had the statute of limitations expired?

(2) Did Appellant knowingly and voluntarily waive his right to assert the statute of limitations bar as to the sole Specification of Charge I (Desertion)?

(3) Did the lack of a statute of limitations inquiry with respect to the sole Specification of Charge I (Desertion) materially prejudice Appellant's substantial rights?

---

[2] 10 U.S.C. § 885.

[3] 10 U.S.C. § 931b.

The parties filed their respective briefs, and Appellant moved the Court for an expedited review, which we granted on 19 May 2023.

## I. BACKGROUND

Appellant entered active duty in the United States Navy on 2 March 1976.[4] Nearly two years later, Appellant left his unit, Naval Station Norfolk, Virginia, without permission or authority to do so, and traveled to his home in Chattanooga, Tennessee. A few days after arriving in Chattanooga, Appellant returned briefly to military control when he visited a Naval Reserve Center in Chattanooga where they booked him on a flight to Norfolk and instructed him to return to his unit immediately. Appellant did not return to Naval Station Norfolk, however, and instead traveled to St. Petersburg, Florida, where one of his brothers resided.

Shortly thereafter, Appellant was apprehended by civilian authorities in Florida and transferred to military custody at Naval Administrative Command [NAVADMINCOM], Orlando, Florida. While there, military officials again ordered Appellant to return to his appointed place of duty, Naval Station Norfolk. However, on or about 14 April 1978, pending his return to his duty station, Appellant traveled again, without authority, to see his brother in St. Petersburg, Florida.[5] This time Appellant remained absent for more than 44 years until he was arrested by civilian authorities in Tennessee in May 2022.

During his court-martial, Appellant acknowledged that at some point during his absence he determined he would not return to the Navy.[6]

Appellant's forty-plus-year absence ended on 19 May 2022, in Soddy-Daisy, Tennessee, following an encounter with the local police. During the encounter, officers asked Appellant for his identification. Instead of providing his personal identification, Appellant presented officers with his deceased brother's driver's license and identified himself as his deceased brother. At some point, the Soddy-Daisy Police Department discovered Appellant's true identity and took

---

[4] Immediately prior to commencing his service in the United States Navy, Appellant completed four years of service in the U.S. Marine Corps and was honorably discharged from the Marine Corps on 1 March 1976. R. at 29; Defense Ex. A.

[5] Although Appellant began his lengthy period of absence while temporarily located at NAVADMINCOM in Orlando, Florida, the parties agreed Naval Station Norfolk was Appellant's appointed place of duty for purposes of the desertion offense. R. at 8-9.

[6] R. at 51-58; Pros. Ex. 1.

him into custody. Soon thereafter, Appellant was transferred to military control and assigned to Transient Personnel Unit [TPU] Norfolk, Virginia.

On 1 July 2022, Appellant was charged with desertion and obstruction of justice for allegedly identifying himself as his deceased brother during the encounter with the Soddy-Daisy police. On 6 July 2022, those charges were received by the convening authority who signed as the officer exercising summary court-martial jurisdiction over TPU Norfolk. The convening authority later referred the charges and specifications to a special court-martial.

Appellant entered into a plea agreement with the convening authority where Appellant agreed to plead guilty to desertion and to receive a bad-conduct discharge.[7] In exchange, the convening authority agreed to dismiss the obstruction of justice charge.[8] The parties further agreed Appellant would be sentenced to between two and five months of confinement.[9]

Appellant's plea agreement also contained a provision in which he agreed to "waive all motions except those that are non-waivable pursuant to [the Rules for Court-Martial] or otherwise."[10] At Appellant's court-martial, the military judge summarized this provision for Appellant and then asked trial defense counsel, "are there any motions that you had intended to file in this case but did not based upon this agreement?"[11] Trial defense counsel answered, "No, your honor."[12] Appellant then acknowledged that he understood all of the terms in the plea agreement and their effects on his case, and the military judge accepted the agreement.[13]

The trial transcript, plea agreement, stipulation of fact, and the record are silent as to the statute of limitations.[14]

---

[7] Appellate Ex. 1.

[8] *Id.*

[9] *Id.*

[10] *Id.* at para. G.

[11] R. at 66.

[12] R. at 66.

[13] R. at 72-73.

[14] This Court appreciates that trial counsel, trial defense counsel, and the military judge reviewed and discussed the Manual for Courts-Martial in effect at the time of the charged desertion offense to ensure, for example, use of the proper elements of the offense during the providence inquiry. R. at 7-8. But notably this discussion, at least as summarized in the Record, did not include mention of any statute of limitations

## II. DISCUSSION

We find the military judge committed plain error by failing to conduct an open-court statute of limitations inquiry with Appellant, which is a procedural requirement to determine whether Appellant knowingly and voluntarily waived his right to assert the statute of limitations in bar of trial with respect to the offense of desertion.[15]

### A. Law

We review a military judge's failure to conduct a statute of limitations inquiry for plain error.[16] "To establish plain error, [an appellant] must show '(1) error that is (2) clear or obvious and (3) results in material prejudice to his substantial rights.'"[17]

There is a "presumption . . . that the statute of limitations in effect at the time of the offense controls."[18] Here, both parties concede the statute of limitations in effect at the time Appellant began his period of desertion in 1978 controls.[19] We agree. In 1978, at the time of the offense, Article 43(b), UCMJ, stated in relevant part that, "a person charged with desertion in time of peace . . . is not liable to be tried by court-martial if the offense was committed more than *three years* before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command."[20]

---

concern, much less the 1969 version of Article 43(b) which identifies the three-year statute of limitations for a peacetime desertion offense. *Id.*

[15] Because we find error and material prejudice as to Specified Issue 3, Specified Issues 1 and 2 are rendered moot.

[16] *See United States v. McPherson*, 81 M.J. 372, 377 (C.A.A.F. 2021) (citing *United States v. Briggs*, 78 M.J. 289, 295 (C.A.A.F. 2019), *rev'd on other grounds*, 141 S. Ct. 467 (2020)).

[17] *McPherson*, 81 M.J. at 377 (quoting *United States v. Armstrong*, 77 M.J. 465, 469 (C.A.A.F. 2018) (internal quotation marks omitted) (citation omitted)).

[18] *See McPherson*, 81 M.J. at 377.

[19] Appellant's Br. at 9; Gov't Br. at 9.

[20] 10 U.S.C. § 843(b) (Manual for Courts-Martial [MCM], United States (1969 ed.), app. 2) (emphasis added).

Desertion is not a continuing offense; it is committed when the servicemember begins his period of desertion or unauthorized absence.[21] The discussion to Rule for Courts-Martial [R.C.M.] 907(b)(2)(B), while not binding, is instructive on this point. In relevant part, the discussion explains, "Some offenses are continuing offenses and any period of the offense occurring within the statute of limitations is not barred."[22] The discussion continues, "Absence without leave, desertion, and fraudulent enlistment are not continuing offenses and are committed, respectively, on the day the person goes absent, deserts, or first receives pay or allowances under the enlistment."[23] Thus, for the purposes of calculating the running of the three-year statute of limitations period for Appellant's desertion offense, the clock started to run when Appellant began his period of desertion in April 1978. Moreover, the parties agree on this point.

An action that might toll the running of the limitations period is preferral of charges, and receipt of those charges by an officer exercising summary-court martial jurisdiction over the command, prior to the statute of limitations period running its course.[24] In this case, however, there is no evidence in the record to indicate that a charge of desertion was preferred prior to the three-year limitations period expiring in April 1981. Indeed, the only charge sheet in the record is the one before us which was preferred and referred in July 2022.

The version of Article 43(d), UCMJ, in effect at the time Appellant began his period of desertion provided that the only time properly excluded from computing the running of the three-year limitations period included time the accused (1) was absent from a territory where the United States had authority to apprehend him; (2) was in the custody of civil authorities; or (3) was in the hands of the enemy.[25] The only one of these circumstances which appears to

---

[21] *United States v. Tunnell*, 23 M.J. 110, 111 (C.M.A. 1986) (citing *MCM*, Chapter XXIX, para. 215(d) (1969)).

[22] R.C.M. 907(b)(2)(B), Discussion.

[23] *Id.*

[24] *See United States v. Powell*, 38 M.J. 153, 153 (C.A.A.F. 1993); *see also United States v. Rodgers*, 24 C.M.R. 36, 41 (C.M.A. 1957) ("The practice of filing charges prior to the statute of limitations running its course is commendable and is to be encouraged."); R.C.M. 907(b)(2)(B), Discussion ("If sworn charges have been received by an officer exercising summary court-martial jurisdiction over the command within the period of the statute, minor amendments . . . may be made in the specification after the statute of limitations has run. However, if new charges are drafted or a major amendment made . . . after the statute of limitations has run, prosecution is barred.").

[25] 10 U.S.C. § 843(d) (MCM, United States (1969 ed.), app. 2).

have occurred in this case is Appellant's short stint in the custody of civil authorities—with the Soddy-Daisy police—between May and June 2022. Indeed, these few weeks appear to be the only excludable time evident in the record; and, because Appellant's time in the custody of civil authorities occurred well after the three-year limitations period appears to have already expired, any excludable time is not applied in this case when calculating the running of the limitations period.[26]

Rule for Courts-Martial [R.C.M.] 907(b)(2)(B) provides that an accused may waive the statute of limitations defense but also requires the military judge to inform the accused of the right to assert the statute of limitations defense any time it appears the accused is unaware of that right; this is an affirmative duty.[27] "When the evidence reasonably raises issues concerning . . . the statute of limitations, the military judge is charged with specific affirmative responsibilities."[28] This "affirmative obligation" exists to ensure that any "waiver of the statute of limitations bar is both knowing and voluntary."[29] The "principle of

---

[26] In 1986, Article 43, UCMJ, was amended to increase the statute of limitations for peacetime desertion to five years. Importantly, Congress also added another category of time properly excluded from computing the running of the statute of limitations: "[p]eriods in which the accused is absent without authority . . . shall be excluded in computing the period of limitation prescribed in this section . . ." 10 U.S.C. § 843(b)(1) and (c) (1986). However, the 1986 amendment does not retroactively apply to Appellant's 1978 desertion offense, and therefore in this case Appellant's lengthy term of unauthorized absence is not excludable time when calculating the running of the three-year limitations period.

[27] The predecessor rule to R.C.M. 907 in effect at the time of Appellant's charged desertion offense was paragraph 68*c* of the 1969 revised version of the Manual for Courts-Martial. Subsection *c* of paragraph 68 similarly addressed the statute of limitations in detail. We include this quote from subsection *c* because it provided a textbook example identifying the statute of limitations concern in this case:

> For example, if it appears from the charges in a peacetime desertion case that more than three years have elapsed between the date of commission of the offense and the date when sworn charges and specifications were received by an officer exercising summary court-martial jurisdiction over the command, the motion [to dismiss] should be granted unless the prosecution shows by a preponderance of evidence that the statute does not apply because of periods which, under the provisions of Article 43(d), are to be excluded in computing the [then three-year statute of limitations for the offense of desertion].

[28] *United States v. Thompson*, 59 M.J. 432, 439 (C.A.A.F. 2004).

[29] *Id.* (citations omitted).

open-court advisement" prior to imposing any waiver of the statute of limitations was acknowledged in Paragraph 68*c* of the 1951 and 1969 Manuals for Courts-Martial, and later in R.C.M. 907(b)(2)(B), which first appeared in the 1984 edition of the Manual for Courts-Martial.[30] Indeed, thirty-eight years ago in *Salter*, the Court of Military Appeals emphasized that the requirement that a military judge conduct an open-court statute of limitations inquiry was "too well-established in military law to require further elaboration . . ."[31] The following year in *Tunnell* the court added that in the context of guilty pleas, for there to be a valid waiver of the statute of limitations defense "the record must disclose that--by reason of advice from the military judge or otherwise--the accused was aware of his right to assert the statute of limitations and nonetheless chose to plead guilty."[32] Furthermore, this Court has consistently held that the longstanding requirement for a military judge to confirm a knowing and voluntary waiver of any statute of limitations defense applies in the guilty plea context.[33] The law has not changed since the middle of the last century. As recently as 2019, our superior court has stated, "in a court-martial, R.C.M. 907(b)(2)(B) makes the statute of limitations 'part of a case' whenever the accused has a statute of limitations defense and does not appear to know it."[34]

---

[30] *United States v. Salter*, 20 M.J. 116, 117 (C.M.A. 1985).

[31] *Id.*; *see also Rodgers*, 24 C.M.R. at 37 (quoting MCM, para. 68*c* (1951) ("It is well established in military jurisprudence that whenever it appears the statute of limitations has run against an offense, the court 'will bring the matter to the attention of the accused and advise him of his right to assert the statute unless it otherwise affirmatively appears that the accused is aware of his rights in the premises.'")).

[32] *Tunnell*, 23 M.J. at 111 (citations omitted).

[33] *See, e.g., United States v. Robinson*, 2001 CCA LEXIS 70, *5 (N-M. Ct. Crim. App. Jan. 9, 2001) ("Guilty pleas alone do not waive the bar to prosecution provided by the statute of limitations. For such a waiver to exist, the record must reflect that the accused was aware of his right to plead the statute of limitations in bar of trial and nonetheless chose to plead guilty."); *United States v. Keeney*, 1991 CMR LEXIS 835, *1 (N.C.M.R. June 14, 1991) (finding military judge erred by not bringing the statute of limitations defense to appellant's attention and seeking a waiver prior to accepting appellant's guilty plea); *cf. United States v. Smith*, 1992 CMR LEXIS 371, *2-4 (N.C.M.R. Mar. 24, 1992) (finding appellant's plea improvident where "nothing on the record to suggest the statute of limitations was brought to the appellant's attention"); *see also* MCM, Chapter XII, para. 68*c* (1969 ed.) ("Since the statute of limitations is a matter of defense, it may be waived by the accused provided he is aware of his right to assert it. A plea of guilty, after explanation of its effect with respect to the statute of limitations, operates as such a waiver.").

[34] *Briggs*, 78 M.J. at 295.

**B. Analysis**

The fact that Appellant began his period of desertion in 1978, combined with the fact that Appellant's desertion charge was only recently preferred and referred in 2022, should have oriented the military judge toward a possible statute of limitations defense in this case. There being no indication in the record that Appellant was aware of this potential defense, the military judge was required to bring this issue to the attention of Appellant—in open court—to ask Appellant whether he wished to waive any such defense and proceed with his guilty plea. By not conducting a statute of limitations inquiry with Appellant, the military judge clearly erred. Moreover, where in this case there was a possible statute of limitations defense to the charge of desertion, the military judge's error resulted in material prejudice to Appellant's substantial rights.

Because desertion is not a continuing offense, the statute of limitations in Appellant's case was three years and began to run in 1978. Absent any excludable time—of which there is none to be applied in this case, and neither party argues otherwise—the three-year limitations period expired in 1981, unless the limitations period was tolled by sworn charges received by an officer exercising summary court-martial jurisdiction over the command within the three-year period between 1978 and 1981. The Government concedes it has not yet found a preferred charge sheet from that period.[35] Consequently, the three-year limitations period appears to have expired in 1981, resulting in a bar to prosecution for this offense absent Appellant's knowing and voluntary waiver.[36]

However, we need not decide whether the statute of limitations actually expired to find the military judge committed plain error. As indicated above, R.C.M. 907(b)(2)(B) requires the military judge to inform the accused of the right to assert the statute of limitations defense any time it appears the accused is unaware of that right. Moreover, nothing in the plain language of the Rule requires the military judge to find a statute of limitations bar to prosecution prior to raising the issue with an accused; the Rule simply obligates the

---

[35] Gov't Answer at 10. Even had the Government found a timely preferred charge sheet, it would not have changed the outcome here. The only desertion charge before us was preferred and referred in July 2022, and the three-year statute of limitations period had expired with respect to this charge. See R.C.M. 907(b)(2)(B), Discussion, *supra*, fn 24.

[36] The Government concedes it cannot show the statute of limitations had not expired before the Appellant's desertion charge was preferred and referred in July 2022. *Id.*

military judge to notify the accused when, based on the evidence in the record, there *may be* a statute of limitations defense, and it appears the accused is unaware of it.[37] Given the three-year limitations period for the desertion offense started to run in 1978, and the only charge sheet in the record (capable of stopping the clock) was preferred and referred in 2022, a statute of limitations concern should have been evident to the military judge. In these circumstances, the military judge should have recognized the potential for a statute of limitations defense; and, because there is no indication in the record that Appellant was aware of it, the military judge was required to conduct an open-court inquiry with Appellant and inform him of the right to assert such a defense. By not doing so, the military judge clearly and obviously erred.

Furthermore, the military judge's clear and obvious error resulted in material prejudice to Appellant's substantial rights, not because the statute of limitations expired with respect to the charge before us, but rather because in not being apprised of the right to assert the statute of limitations in bar of trial as is procedurally required, Appellant unwittingly forfeited a right to assert a possible defense.[38] Thus, Appellant was deprived of the substantial right to make a fully informed decision regarding his defense and whether or not to plead guilty.[39]

The Government urges the Court to overlook seventy years of military justice jurisprudence and precedent and find that Appellant waived his right to

---

[37] *See Thompson,* 59 M.J. at 439; *see also Rodgers,* 24 C.M.R. at 37. Moreover, if after an open-court advisement by the military judge an accused were to file a motion to dismiss a specification alleging a statute of limitations bar to prosecution, the Government would have an opportunity to respond to the motion, and perhaps demonstrate the limitations period had not expired by, for example, producing a timely preferred charge sheet, or demonstrating the existence of any excludable time. Nothing in the language of R.C.M. 907(b)(2)(B) suggests this litigation be conducted, or that findings be made on such a motion, as a condition precedent to an open-court statute of limitations inquiry.

[38] *See Briggs,* 78 M.J. at 296 (finding material prejudice to appellant's substantial rights because, "If the military judge had informed [a]ppellant of a possible statute of limitations defense, it requires no speculation to believe that [a]ppellant would have sought dismissal.").

[39] *See Rodgers,* 24 C.M.R. at 38 ("[W]e do not presume that the accused waived a substantial right [to assert the statute of limitations in bar of trial] which the record fails to show he even knew of."); *see also Tunnell,* 23 M.J. at 111 (finding no valid waiver where "[n]othing in the record adequately demonstrate[d]" appellant's awareness of the statute of limitations bar to prosecution prior to pleading guilty).

assert the statute of limitations defense where Appellant had a "waive all waivable motions" clause in his plea agreement.[40] We will not do so. The requirement to make a record of a knowing and voluntary waiver of the statute of limitations defense is etched in military case law and procedure, and the Government has cited no authority supporting the proposition that a generic waiver clause in a plea agreement trumps a longstanding procedural requirement like the one found in R.C.M. 907(b)(2)(B).[41]

The Government also contends that "[n]othing in the record supports that Appellant 'appeared' to not understand his rights."[42] We disagree. During Appellant's court-martial, trial defense counsel answered "no" to the military judge's question as to whether the Defense forwent the filing of any motions as a result of Appellant entering into a plea agreement. Based on trial defense counsel's assertion he did not intend to file any motions in Appellant's case, and given the facts and law as described herein, we have very little confidence that trial defense counsel, much less Appellant himself, was aware of the statute of limitations issue. Perhaps even more revealing that Appellant was not aware of his rights, every attorney involved in the military justice processing of Appellant's case appears to have been unaware of Appellant's right to be advised of the statute of limitations defense prior to pleading guilty.[43]

An accused's determination of whether or not to plead guilty is a significant occasion in the military justice process; and any decision to plead guilty is solely an accused's to make following consultation with his or her defense counsel, and after consideration of what is in his or her own best interests. At the end of the day, however, it remains a procedural requirement in the military justice system that any waiver of the right to assert the statute of limitations

---

[40] Gov't Answer at 16-17.

[41] *See United States v. Sayers*, 2023 CCA LEXIS 199, *10 (A.F. Ct. Crim. App. 27 Mar. 2023) (finding the military judge erred by not apprising appellant of his right to assert the statute of limitations defense prior to accepting appellant's guilty plea, even though appellant had a "waive all waivable motions" clause in his plea agreement, and stating, "We are not at liberty to simply disregard requirements in the Rules for Court-Martial that protect an accused's right to make fully informed decisions regarding the defense.") (internal quotations omitted).

[42] Gov't Answer at 16-17.

[43] While the military judge's oversight regarding the statute of limitations inquiry is the focus of this opinion, we believe it important to emphasize that every attorney involved in the processing of Appellant's case had a responsibility to understand and identify the statute limitations concern and address it appropriately.

in bar of trial must be made knowingly and voluntarily—and to be sure when an accused appears to be unaware of this right, any such waiver must be made following a formal statute of limitations inquiry conducted, in open court, by the military judge.

Accordingly, we hold the military judge committed plain error by failing to conduct an open-court statute of limitations inquiry with Appellant regarding the sole Specification of Charge I (Desertion).

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, the findings and sentence are **SET ASIDE**, with a rehearing authorized.[44]

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[44] Articles 59 & 66, UCMJ.